**Alvin Chester GUYOT, Jr. Appellant,**

v.

**Martha Marie GUYOT, Appellee.**

**No. 2–98–354–CV.**

Court of Appeals of Texas,
Fort Worth.

Oct. 7, 1999.

Jeffery D. Gooch, Fort Worth, for Appellant.

Panel F: CAYCE, C.J.; HOLMAN and DAY, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

This appeal presents the issue of whether a party to a Rule 11 agreement, which was entered on the court reporter's record and agreed to by both parties under oath, can withdraw his consent to that agreement before the trial court renders a final written decree of divorce pursuant to the terms of the agreement. Appellant Alvin Chester Guyot, Jr. relies on a trial court docket entry notation as evidence that he timely and properly informed the trial court of his desire to withdraw his consent to the divorce agreement. The trial court noted on the docket sheet that Appellant's attorney informed the trial court at a hearing on Appellee's Motion to Sign Final Decree of Divorce that Appellant wished to withdraw his consent to the divorce agreement. There is no other evidence in the record that Appellant made a complaint by a timely objection, request, or motion putting the court on notice of Appellant's desire to withdraw from the agreement. Because we hold that a trial court docket sheet notation cannot be relied on to preserve error on appeal, we do not reach the issue presented by Appellant and affirm the trial court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 11, 1996, Appellant filed his petition for divorce and application for temporary restraining order in which Appellant sought a divorce from his wife, Appellee Martha Marie Guyot, custody of their minor child, a temporary restraining order, and property division. On October 21, 1996, Appellee filed her answer and counter-petition seeking divorce from Appellant, custody of their minor child, a temporary restraining order, and property division. On July 16, 1998, Appellant and Appellee appeared before the trial court with their attorneys of record and announced in open court that they had reached stipulations and agreements regarding the divorce and division of personal and real property (hereinafter the "Agreement"). Appellee's attorney recited the terms of the Agreement. Both Appel-

lant and Appellee testified under oath that they agreed and consented to the terms and conditions of the Agreement and requested that the trial court approve the Agreement. Neither Appellant nor Appellee stated that they had any objections to the terms of the Agreement as dictated into the court record.

On August 19, 1998, Appellant filed a motion for new trial on the following grounds:

1. On July 16, 1998, the court granted a divorce in the above cause.

2. A judgment has not yet been signed by this Court in the above cause.

3. The trial court erred in granting the divorce without hearing any testimony from the parties.

4. Movant has a meritorious defense to the cause of action alleged in this cause.

5. The granting of a new trial would not do injury to MARTHA MARIE GUYOT.

6. Justice will not be properly served unless a new trial is granted.

On August 25, 1998, Appellee filed a response to Appellant's motion for new trial. The record does not reflect that a hearing was held on Appellant's motion. On August 25, 1998, Appellee filed a Motion to Sign Final Decree of Divorce. At the September 4, 1998 hearing on Appellee's motion, Appellee presented the trial court with a proposed Final Decree of Divorce that encompassed the terms of the Agreement. The trial court signed the proposed Final Decree of Divorce on September 4, 1998.

Appellant claims that at the hearing on September 4, 1998, his attorney informed the trial court that Appellant was withdrawing his consent to the Agreement. Appellant also states that his attorney objected to Appellee's Motion to Sign Final Decree of Divorce and the proposed judgment. Appellant was not present at the hearing, and no court reporter's record was made of this hearing. The only evidence in the appellate record that Appellant's attorney actually informed the trial court that Appellant wished to withdraw his consent to the Agreement is found in the trial court's docket sheet. On the docket sheet, the presiding judge made a hand-written notation:

9/4/98 Hearing on M/Final Decree. Attys present + atty for Pet. Alvin Guyot, Jr. w/o client says client w/drawing Ruling 11 agreement client not present. W/drawal of Rule 11 agreement not accepted since client not present. No other w/drawal appears on record. W/drawal not allowed + judgment entered. BB Thornton.

Further, there is no evidence in the record that Appellant or his attorney ever objected to Appellee's Motion to Sign Final Decree of Divorce or to the proposed judgment.

Appellant claims that the trial court's judgment should be reversed because the trial court was aware that Appellant withdrew his consent to the terms of the Agreement before the trial court entered a final written judgment. Appellant claims that the notation on the docket sheet and the lack of his attorney's signature on the divorce decree show that there is evidence in the record that the trial court had timely and proper notice of his intent to withdraw consent to the Agreement.

## II. PRESERVATION OF ERROR

Before this court can make a determination as to whether Appellant timely and properly withdrew his consent to the Agreement, we must determine whether Appellant properly preserved error in the trial court.

### A. The Docket Sheet

Appellant states in his brief that there is evidence in the record of his desire to withdraw consent to the Agreement and his objection to Appellee's Motion to Sign

Final Decree of Divorce and the proposed judgment. Our review of the record, however, indicates that there is no evidence anywhere in the record that Appellant or his attorney objected to Appellee's motion or the proposed judgment, and the only evidence that Appellant refers us to or that can be found in the record evidencing his desire to withdraw his consent to the Agreement is the judge's handwritten notation on the trial court's docket sheet.[1] While the docket entry notation might show that the trial court was on notice of Appellant's desire to withdraw his consent to the Agreement, there is no evidence in the record showing that Appellant preserved error on the issue of whether the trial court erred in entering the divorce decree because Appellant withdrew his consent to the Agreement before the decree was signed. The trial court docket entry cannot be relied on to preserve error.

■ Under Texas Rule of Appellate Procedure 33.1(a), before a party can present a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated that grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

(B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2) the trial court:

(A) ruled on the request, objection, or motion, either expressly or implicitly; or

(B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

TEX.R.APP. P. 33.1(a). In other words, a point on appeal based on a trial court's ruling on a motion, request, or objection must be supported by a showing in the record that the motion, request, or objection was presented to and acted upon by the trial court. *See, e.g., Ballard v. King,* 652 S.W.2d 767, 769 (Tex.1983); *Temple EasTex, Inc. v. Old Orchard Creek Partners, Ltd.,* 848 S.W.2d 724, 736 (Tex. App.—Dallas 1992, writ denied) (interpreting TEX.R.APP. P. 52(a) (Vernon Pamph. 1997, revised 1997)); *Anderson v. Higdon,* 695 S.W.2d 320, 326 (Tex.App.—Waco 1985, writ ref'd n.r.e.).

■ In general, a docket entry forms no part of the record which may be considered; it is a memorandum made for the clerk's and trial court's convenience. *See Jauregui Partners, Ltd. v. Grubb & Ellis Commercial Real Estate Servs.,* 960 S.W.2d 334, 336 (Tex.App.—Corpus Christi 1997, pet. denied); *In re Fuentes,* 960 S.W.2d 261, 264 (Tex.App.—Corpus Christi 1997, orig. proceeding); *First Nat'l Bank of Giddings, Tex. v. Birnbaum,* 826 S.W.2d 189, 190–91 (Tex.App.—Austin 1992, no writ) (op. on reh'g); *Energo Int'l Corp. v. Modern Indus. Heating, Inc.,* 722 S.W.2d 149, 151 (Tex.App.—Dallas 1986, no writ). One reason for not considering docket entries on appeal is that they are inherently unreliable. *See, e.g., Energo,* 722 S.W.2d at 151 n. 2. An exception to this rule is that docket entries may be examined to correct clerical errors in judgments or orders or to determine the meaning of words used in a judgment or order. *See N–S–W Corp. v. Snell,* 561 S.W.2d 798, 799 (Tex.1977) (stating that "[a] docket entry may supply facts in certain situations"); *Energo,* 722 S.W.2d at 151 n. 2

---

1. Appellant also claims that the record shows that he withdrew his consent to the Agreement based on the fact that the signature of his attorney is not on the Final Decree of Divorce signed by the trial court. We cannot assume, however, that Appellant withdrew his consent to the Agreement simply because his attorney's signature is not on it, especially in light of the fact that Appellee's attorney did not sign the decree either.

(interpreting the "certain situations" referred to in *Snell* to be limited to clerical errors in judgments or orders); *see also Frazier v. Yu*, 987 S.W.2d 607, 611 (Tex. App.—Fort Worth 1999, pet. denied) (discussing *Snell* and *Energo* ).

■ Typically, the cases that have discussed the use of a docket sheet on appeal involve situations where the only evidence of a trial court's order or judgment is found in the docket sheet or where the movant seeks to use the docket sheet to impeach an order or judgment. Under these circumstances, the docket sheet cannot be used to show the existence of an order or judgment or to impeach an order or judgment. *See, e.g., Frazier*, 987 S.W.2d at 608 & 611 (holding that docket sheet, which stated that plaintiff did not submit any evidence to contest elements of defendant's motion for summary judgment, when, in fact, plaintiff had timely filed two affidavits to contest motion, could not be used to impeach judgment entered by trial court that stated that court had reviewed "competent summary judgment evidence on file"); *Pickell v. Guaranty Nat'l Life Ins. Co.*, 917 S.W.2d 439, 441 (Tex.App.—Houston [14 th Dist.] 1996, no writ) (holding that appellant failed to preserve error for appeal where only indication that trial court ruled on a motion to transfer venue was a docket sheet notation); *First Nat'l Bank of Giddings, Tex.*, 826 S.W.2d at 190 (holding that court lacked jurisdiction for appeal where only evidence of application for turnover relief was in the trial court's docket sheet).

Some courts, however, have also denied review when the docket sheet was relied on by the movant for other purposes. *See Frommer v. Frommer*, 981 S.W.2d 811, 813 n. 3 (Tex.App.—Houston [1 st Dist.] 1998, no pet.) (refusing to examine a docket entry to support the movant's point of error where movant failed to request findings of fact and conclusions of law); *Roever v. Roever*, 824 S.W.2d 674, 676 (Tex. App.—Dallas 1992, no writ) (refusing to examine docket entry when movant claimed that docket entry supported his claim that community property estate was of no or nominal value because neither party alleged clerical error); *Energo*, 722 S.W.2d at 151 (holding that docket entry could not be used to show that appellant's untimely amended answer was filed with permission of the trial court in order to defeat summary judgment). Finally, in *Elite Towing, Inc. v. LSI Fin. Group*, the court held that the appellant did not preserve error for appeal on a motion to transfer venue even though the trial court had noted in its docket sheet that the motion had been filed and ruled on. 985 S.W.2d 635, 645 (Tex.App.—Austin 1999, no pet.). The *Elite* court stated:

> The record before us does not contain either a motion to transfer venue or the district court's ruling on same. The docket sheet included in the court's record *reflects such a motion was filed* and denied. However, we find no request by Elite to include either the motion or order in the court's record brought forward to this Court. Therefore, any objection to venue has been waived.

*Id.* (Emphasis added).[2]

■ The docket notation in this case was merely a memorandum made for the

2. We recognize that there are courts that have examined docket sheets to determine the absence or presence of a motion or discovery on the trial court's docket without addressing whether it is proper to do so. *See Tubb v. Vinson Exploration, Inc.*, 892 S.W.2d 183, 185 (Tex.App.—El Paso 1994, writ denied) (examining record to determine whether appellee preserved error in the judgment and noting that "the computerized docket sheet of the trial court reflects no such motion [for judgment on the verdict]"); *Prowse v. Schellhase*, 838 S.W.2d 787, 790 (Tex.App.—Corpus Christi 1992, no writ) (stating that docket sheet does not reflect whether discovery evidence was filed with the trial court before hearings on motions for summary judgment). Due to the inherent unreliability of docket sheets, we believe that the better approach is not to examine docket sheets on appeal other than to clarify clerical errors. *See Energo*, 722 S.W.2d at 151. We also note that the

convenience of the trial court and court clerk, and it is not reliable for the purpose of preserving error on appeal. *See, e.g., First Nat'l Bank of Giddings, Tex.,* 826 S.W.2d at 191 (stating that docket entries are inherently unreliable because they lack the formality of orders and judgments); *Energo,* 722 S.W.2d at 151 n. 2 ("docket entries are inherently unreliable"). Moreover, it is the Appellant's responsibility to preserve error for appeal by taking affirmative steps to ensure that all matters he may wish to appeal are timely and properly entered into the court record. *See, e.g, Temple EasTex, Inc.,* 848 S.W.2d at 736 (stating that in order to preserve error for appeal, the *movant must present* to the trial court a timely request stating the specific grounds for the ruling desired, if the grounds are not óbvious from the context, *and the movant must obtain* a ruling on the requested relief); *Anderson,* 695 S.W.2d at 326 (stating that record must show that *Appellant requested relief* in the trial court). To permit Appellant to rely on a court's docket entry for preserving error would relieve him of his responsibility to ensure that error is preserved and would encourage others in the future to trust in the trial judge's ability to take diligent notes. We hold the trial judge's notation on the docket sheet that Appellant's attorney notified the court of Appellant's desire to withdraw his consent to the Agreement did not preserve error for appeal on the issue of whether the trial court erred in entering the divorce decree.

■ Further, we hold Appellant did not preserve error for appeal on his objection to Appellee's Motion to Sign Final Decree of Divorce and the proposed judgment. There is no evidence anywhere in the record that Appellant or his attorney made such an objection. *See* TEX.R.APP. P. 33.1(a).

## B. The Motion for New Trial

■ Appellant also complains that the trial court erred in denying his motion for new trial. Appellant failed, however, to state the grounds "for the ruling [he] sought from the trial court with sufficient specificity to make the trial court aware of the complaint." *Id.* Appellant's motion for new trial was so vague that the trial court could not make a determination as to the grounds for the request for the new trial. First, contrary to Appellant's claim, the court did hear testimony of the parties before entering the divorce decree. At the hearing on July 16, 1998, both Appellant and Appellee testified that they consented to the terms of the Agreement. Second, Appellant's mere recitation that he has a meritorious defense to the cause of action alleged and that the trial court erred in granting the divorce does not sufficiently specify the grounds for Appellant's complaint under rule 33.1(a). *See id.* Finally, the grounds for Appellant's motion cannot also be said to be apparent from the context. Thus, Appellant failed to preserve error for appeal in his motion for new trial.

Appellant's sole point on appeal is overruled, and the trial court's judgment is affirmed.

---

court in *Ross v. Arkwright Mut. Ins. Co.,* 892 S.W.2d 119, 129 (Tex.App.—Houston [14 th Dist.] 1994, no writ), held that properly authenticated docket sheets served with affidavits were proper summary judgment proof where affidavits relied in part on the docket sheets to show that no extraordinary writs or other process had been issued. The *Ross* court also noted, however, that the affidavits by themselves could have probably established the same facts without reference to the docket sheets. *See id.* (stating that while the affidavits do refer to the docket sheets and rely on them in part, the affidavits also contain statements that based on the affiants' personal knowledge no extraordinary writ or process was issued; these statements were independent and did not rely on the docket sheets).