In the Matter of C.J.G.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-043-CV

IN THE MATTER OF C.J.G. 

------------

FROM THE 323
RD
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Pursuant to a plea bargain and findings that he sexually assaulted three other children, Appellant C.J.G. was adjudicated delinquent and committed to the Texas Youth Commission (“TYC”) for ten years with the possibility of a transfer to the Institutional Division of the Texas Department of Criminal Justice.  In one issue, Appellant appeals the denial of his motion to suppress.  Because we hold that Appellant did not preserve error by getting a ruling on the record, we affirm the trial court’s judgment and commitment order.

In a prior case, the State filed a petition alleging that C.J.G. had sexually assaulted J.S., G.R., C.P., and M.P.  C.J.G. admitted sexually assaulting J.S.  The State dismissed without prejudice the charges regarding all the complainants except J.S.  C.J.G. stipulated to the evidence regarding J.S. and was adjudicated delinquent, placed on two years’ community supervision, and ordered into the Specialized Treatment for Offenders Program (“STOP”).  He was ordered to successfully complete STOP.  While in group therapy in STOP, C.J.G. admitted sexually assaulting the other three complainants.  The State filed another petition based upon these admissions.

The record reveals that Appellant filed two motions to suppress evidence of his oral and written statements made while in STOP.  The first motion sought to suppress only statements.  The second motion also sought to suppress intercepted wire, oral, or electronic communications as well as any seized tangible evidence, such as C.J.G.’s personal journals.  The motions alleged several grounds for suppression.  The record contains a hearing on both motions.  At the end of the hearing, the trial judge stated that she would review trial briefs and “set up a time for [her] ruling.”

However, no oral or written ruling on either motion appears in the record, nor does the record contain any conclusions of law or findings of fact regarding the motions to suppress.  The record does contain a handwritten docket entry providing “Motion to suppress—“ followed by a word that we cannot decipher but that Appellant contends, perhaps correctly, is “denied.”

The parties signed a written plea bargain agreement.  Before trial, C.J.G. stipulated to what the testimony of his mother, the three complainants—C.P., M.P. and G.R., and the CPS investigator would be, but not to the truth thereof, and the State agreed to recommend a disposition of ten years’ confinement in TYC.  At trial, Appellant admitted and agreed that the stipulated evidence regarding the complainants C.P and M.P. was true.  He agreed that a third complainant, G.R., would testify as stipulated, but he denied the truth of any allegations or evidence about G.R.  The trial court found the allegations regarding C.P., M.P., and G.R. true.  None of the complained of evidence was admitted during adjudication.  The social history and attachments, which refer to the fact that Appellant had admitted the allegations but provide no details and no specific incriminatory evidence, were admitted at the disposition phase after Appellant’s trial counsel stated, “No objection.”

The record contains the following remarks made by the trial court during the combined adjudication/disposition hearing:

I will note, I think the attorneys are going to note later that all the attorneys have discussed this matter and there is an agreement that they may appeal, and I’m also in agreement with and would allow you to appeal the suppression
 issues
 in this case, because I do have some concerns about this issue and I feel that we do need some appellate court resolution of this issue and it would be important for this court to have that.

Similarly, Appellant’s trial counsel stated in the record at the combined adjudication/disposition hearing that “we ask permission to appeal on the suppression 
issue
 that you addressed earlier.”  The certification of the respondent’s right to appeal provides that Appellant’s appeal “is on matters that were raised by written motion filed and ruled on before trial” and also provided that he had the trial court’s permission to appeal.

Appellant argues that “[g]iving permission to appeal the motion to suppress would be nonsensical if (1) the trial court had granted C.J.G.’s motion or (2) C.J.G. had waived the motion because the trial court failed to rule on it.”

It is Appellant’s burden, not the trial court’s, to preserve trial error by assuring that the record contains a ruling.
(footnote: 2)  While “[a] trial court's ruling on a matter need not be expressly stated if its actions or other statements otherwise 
unquestionably
 indicate a ruling,”
(footnote: 3) we have to be able to discern what the ruling is.  Even if Appellant is correct that the docket entry indicates “Motion to suppress—denied,” we do not know if one or both motions were denied, if one or both were granted in part and denied in part, or the basis or bases of the ruling or rulings.  Had the evidence been admitted at trial, we would have an indication of a ruling, but that is not the case here.  Consequently, any attempt by this court to exercise its review powers in this case would be speculative.  We consequently adhere to the rules previously announced by this court:  a docket entry is not an appealable order,
(footnote: 4) it forms no part of the record that may be considered on appeal, and it is merely a memorandum for the convenience of the clerk and the trial court.
(footnote: 5)
 Because Appellant did not obtain a ruling on the record on his motions to suppress, no error is preserved.
(footnote: 6)  We overrule his sole issue and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED:  June 16, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See 
Tex. R. App. P.
 33.1(a); 
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g);
 Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004);
 Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
,
 
526 U.S. 1070 (1999)
;
 see also
 
Tex. R. Evid.
 103(a)(1).

3:
Rey v. State
, 897 S.W.2d 333, 336 (Tex. Crim. App. 1995) (emphasis added).

4:
Guyot v. Guyot
, 3 S.W.3d 243, 248 (Tex. App.—Fort Worth 1999, no pet.); 
Ex parte Wiley
, 949 S.W.2d 3, 4 (Tex. App.—Fort Worth 1996, no pet.). 

5:
Guyot
, 3 S.W.3d at 248.

6:
See 
Tex. R. App. P.
 33.1(a).