COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-043-CV
 
 
  
IN 
THE MATTER OF C.J.G.
 
 
  
------------
 
FROM 
THE 323RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Pursuant 
to a plea bargain and findings that he sexually assaulted three other children, 
Appellant C.J.G. was adjudicated delinquent and committed to the Texas Youth 
Commission (“TYC”) for ten years with the possibility of a transfer to the 
Institutional Division of the Texas Department of Criminal Justice. In one 
issue, Appellant appeals the denial of his motion to suppress.  Because we 
hold that Appellant did not preserve error by getting a ruling on the record, we 
affirm the trial court’s judgment and commitment order.
        In 
a prior case, the State filed a petition alleging that C.J.G. had sexually 
assaulted J.S., G.R., C.P., and M.P.  C.J.G. admitted sexually assaulting 
J.S.  The State dismissed without prejudice the charges regarding all the 
complainants except J.S.  C.J.G. stipulated to the evidence regarding J.S. 
and was adjudicated delinquent, placed on two years’ community supervision, 
and ordered into the Specialized Treatment for Offenders Program 
(“STOP”).  He was ordered to successfully complete STOP.  While in 
group therapy in STOP, C.J.G. admitted sexually assaulting the other three 
complainants.  The State filed another petition based upon these 
admissions.
        The 
record reveals that Appellant filed two motions to suppress evidence of his oral 
and written statements made while in STOP.  The first motion sought to 
suppress only statements.  The second motion also sought to suppress 
intercepted wire, oral, or electronic communications as well as any seized 
tangible evidence, such as C.J.G.’s personal journals.  The motions 
alleged several grounds for suppression.  The record contains a hearing on 
both motions.  At the end of the hearing, the trial judge stated that she 
would review trial briefs and “set up a time for [her] ruling.”
        However, 
no oral or written ruling on either motion appears in the record, nor does the 
record contain any conclusions of law or findings of fact regarding the motions 
to suppress.  The record does contain a handwritten docket entry providing 
“Motion to suppress—“ followed by a word that we cannot decipher but that 
Appellant contends, perhaps correctly, is “denied.”
        The 
parties signed a written plea bargain agreement.  Before trial, C.J.G. 
stipulated to what the testimony of his mother, the three complainants—C.P., 
M.P. and G.R., and the CPS investigator would be, but not to the truth thereof, 
and the State agreed to recommend a disposition of ten years’ confinement in 
TYC.  At trial, Appellant admitted and agreed that the stipulated evidence 
regarding the complainants C.P and M.P. was true.  He agreed that a third 
complainant, G.R., would testify as stipulated, but he denied the truth of any 
allegations or evidence about G.R.  The trial court found the allegations 
regarding C.P., M.P., and G.R. true. None of the complained of evidence was 
admitted during adjudication.  The social history and attachments, which 
refer to the fact that Appellant had admitted the allegations but provide no 
details and no specific incriminatory evidence, were admitted at the disposition 
phase after Appellant’s trial counsel stated, “No objection.”
        The 
record contains the following remarks made by the trial court during the 
combined adjudication/disposition hearing:
  
I will note, I think the attorneys are going to note later that all the 
attorneys have discussed this matter and there is an agreement that they may 
appeal, and I’m also in agreement with and would allow you to appeal the 
suppression issues in this case, because I do have some concerns about 
this issue and I feel that we do need some appellate court resolution of this 
issue and it would be important for this court to have that.
 
 
Similarly, 
Appellant’s trial counsel stated in the record at the combined 
adjudication/disposition hearing that “we ask permission to appeal on the 
suppression issue that you addressed earlier.”  The certification 
of the respondent’s right to appeal provides that Appellant’s appeal “is 
on matters that were raised by written motion filed and ruled on before trial” 
and also provided that he had the trial court’s permission to appeal.
        Appellant 
argues that “[g]iving permission to appeal the motion to suppress would be 
nonsensical if (1) the trial court had granted C.J.G.’s motion or (2) C.J.G. 
had waived the motion because the trial court failed to rule on it.”
        It 
is Appellant’s burden, not the trial court’s, to preserve trial error by 
assuring that the record contains a ruling.[2]  
While “[a] trial court's ruling on a matter need not be expressly stated if 
its actions or other statements otherwise unquestionably indicate a 
ruling,”[3]  we have to be able to discern what 
the ruling is.  Even if Appellant is correct that the docket entry 
indicates “Motion to suppress—denied,” we do not know if one or both 
motions were denied, if one or both were granted in part and denied in part, or 
the basis or bases of the ruling or rulings.  Had the evidence been 
admitted at trial, we would have an indication of a ruling, but that is not the 
case here.  Consequently, any attempt by this court to exercise its review 
powers in this case would be speculative.  We consequently adhere to the 
rules previously announced by this court: a docket entry is not an appealable 
order,[4] it forms no part of the record that may be 
considered on appeal, and it is merely a memorandum for the convenience of the 
clerk and the trial court.[5]
        Because 
Appellant did not obtain a ruling on the record on his motions to suppress, no 
error is preserved.[6]  We overrule his sole 
issue and affirm the trial court’s judgment.
   
   
                                                                           PER 
CURIAM
 
  
  
PANEL 
F:   DAUPHINOT, J.; CAYCE, C.J.; and LIVINGSTON, J.
 
DELIVERED: 
June 16, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Tex. R. App. P. 
33.1(a); Bushell v. Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g); 
Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004); Mosley v. 
State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), cert. 
denied, 526 U.S. 1070 (1999); see also Tex. R. Evid. 103(a)(1).
3.  
Rey v. State, 897 S.W.2d 333, 336 (Tex. Crim. App. 1995) (emphasis 
added).
4.  
Guyot v. Guyot, 3 S.W.3d 243, 248 (Tex. App.—Fort Worth 1999, no pet.); 
Ex parte Wiley, 949 S.W.2d 3, 4 (Tex. App.—Fort Worth 1996, no pet.).
5.  
Guyot, 3 S.W.3d at 248.
6.  
See Tex. R. App. P. 
33.1(a).