Affirmed and Memorandum Opinion filed March 17, 2009








Affirmed and Memorandum Opinion filed March
17, 2009.

 

 

In The

 

Fourteenth
Court of Appeals

____________

 

NO. 14-07-01027-CV

____________

 

JENETTE
DIEM LEE, Appellant

 

V.

 

MD
LAM, INC., Appellee

 



 

On Appeal from the 151st District Court

Harris County, Texas

Trial Court Cause
No. 2002-65195

 



 

M E M O R A N D U M   O P I N I O N

Jenette Diem Lee appeals from a judgment favoring MD Lam,
Inc.  MD Lam sued Lee, and other members of her family, alleging various causes
of action relating to the sale of a business.  Following a jury verdict in its
favor, MD Lam elected to recover against Lee for fraud, and the trial court
entered judgment accordingly.  In four issues on appeal, Lee contends that the
trial court erred in: (1) entering judgment against Lee when her liability was Avitiated@ by a jury finding
in her favor; (2) allowing MD Lam to elect to recover on fraud without a jury
finding on proximate cause; (3) Apredicating@ judgment against
Lee on Aproducing cause@ rather than Anegligence that
was proximately caused@; and (4) entering judgment against Lee
when the jury returned conflicting answers.  We affirm.








Background

In its pleadings, MD Lam alleged that defendants made
certain promises and representations pertaining to MD Lam=s purchase of
K&K Cleaners, a dry cleaning plant.  These promises and representations
included that if MD Lam purchased K&K Cleaners, defendants would (1)
provide proper training to MD Lam, (2) return MD Lam=s money if it was
not satisfied with the business, and (3) continue to use K&K Cleaners to
perform dry cleaning services for their other dry cleaning businesses.  Based
on these and other promises and representations and the alleged failure to keep
them, MD Lam raised causes of action for common law fraud, civil conspiracy,
breach of contract, breach of implied warranty, and deceptive trade practices. 
The jury returned a verdict against Lee on all causes of action submitted.  MD
Lam then elected to recover for fraud against Lee, and the trial court entered
judgment accordingly.  In support of her appeal, Lee has filed a clerk=s record but not a
reporter=s record.

Discussion

In her first issue, Lee contends that judgment against her
was in error because her liability was Avitiated@ by a jury finding
in her favor.  In her fourth issue, Lee contends that judgment against her was
improper because the jury returned conflicting answers.  In support of both of
these contentions, Lee specifically points to jury question no. 14, which
asked:  ADid Defendants
agree to provide proper training and return Plaintiff=s money if they
[sic] were not satisfied with K&K Cleaner[s]?@  In regards to
Lee, the jury responded Ano@ to question no.
14, thus indicating that Lee did not make the listed promises.  Question no.
14, however, was a predicate question to question no. 15, which asked whether
the defendants, including Lee, failed to comply with the promises set forth in
questions no. 14 or 13.  Question no. 13 asked the jury ADid Defendants
agree to use K&K Cleaner[s] as the plant to perform dry cleaning for their
substations?@  In response to question no. 13, the jury found that
Lee did in fact make such a promise, and in response to question no. 15, it
found that Lee failed to comply with that promise.








Lee offers no explanation as to how a negative response to
one of two predicate questions in a breach of contract submission could Avitiate@ or conflict with
the findings of liability either on the contract submission itself or the fraud
submission (questions 1 through 3) on which the judgment was based.  We see no
such conflict.  The judgment is supported by the jury=s fraud finding,
which does not conflict with and is not vitiated by the negative response to
one of two contract predicate questions.  Accordingly, we overrule Lee=s first and fourth
issues.

In her second issue, Lee contends that the trial court
erred in allowing MD Lam to elect fraud recovery when there was no jury finding
on proximate cause.  In her third issue, Lee contends that the trial court
erred in Apredicating@ judgment against
Lee on Aproducing cause@ rather than Anegligence that
was proximately caused.@  The gist of these two complaints is that
the trial court erred in its submission of the fraud cause of action to the
jury.  However, in order to complain on appeal about alleged error in a jury
charge, an appellant must first have preserved such argument in the trial court
by making, and receiving a ruling on, an objection to the charge.  See
Tex. R. App. P. 33.1(a); Tex. R. Civ. P. 272, 274.  As mentioned above, Lee has
filed only a clerk=s record in support of her appeal, arguing
that the face of the clerk=s record demonstrates error.  However, the
record before us does not demonstrate that she objected to the charge language
about which she now complains on appeal.  Cf. Guyot v. Guyot, 3 S.W.3d
243, 245-46 (Tex. App.CFort Worth 1999, no pet.) (holding
appellant failed to preserve issue for appeal because available record did not
demonstrate alleged objection was made).  Accordingly, this argument is not
preserved, and we overrule Lee=s second and third issues.

We affirm the trial court=s judgment.

 

 

 

/s/        Adele
Hedges

Chief
Justice

 

 

 

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.