Christa M. **SEXTON**, Appellant,

v.

William W. **SEXTON**, Appellee.

No. 04–87–00223–CV.

Court of Appeals of Texas,
San Antonio.

Sept. 9, 1987.

James L. Bruner, San Antonio, for appellant.

Mike Haley, Dinah Gaines, San Antonio, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a default judgment modifying the custody and child support provisions of a divorce decree. The order was entered after service by publication where the appellant did not appear or make answer in the trial court. We reverse and remand.

Appellant Christa M. Sexton was divorced from appellee William W. Sexton in June of 1983 and was appointed managing conservator of their child Kirk M. Sexton. William Sexton filed a motion to modify on February 7, 1985, alleging changed circumstances. An amended motion was filed on April 1, 1985, alleging that citation by publication or other substituted service was necessary for the reasons set forth in the affidavit "attached to or filed with the motion." No such affidavit is included in the record before this court.

Process was by publication. A hearing on the motion was held, at which appellant neither appeared in person nor by attorney of her own selection. She was represented by an appointed attorney ad litem. An order modifying the divorce decree was signed on June 3, 1985. This order appointed appellee managing conservator and ordered appellant to pay child support in the amount of $300 per month.

Upon becoming aware of the modification, appellant timely filed a motion for new trial under TEX.R.CIV.P. 329 and, subsequently, an amended motion for new trial. A sworn affidavit is attached to both motions. The court denied the motion for new trial and ordered appellant to turn the child over to appellee instanter.

Appellant raises four points of error on appeal. The first three points are "no evidence" points. The fourth point asserts that the trial court abused its discretion in refusing to grant appellant's motion for new trial.

TEX.R.CIV.P. 329 provides that

In cases in which judgment has been rendered on service of process by publication, when the defendant has not appeared in person or by attorney of his own selection:

(a) The court may grant a new trial upon petition of the defendant showing *good cause*, supported by affidavit, filed within two years after such judgment was signed.... (emphasis added).

The two elements of "good cause" which the defendant must show are lack of actual knowledge of the suit prior to rendition of the judgment and a meritorious defense. *Smith v. United Gas Pipe Line Co.*, 149 Tex. 69, 228 S.W.2d 139 (1950); *McCarthy v. Jesperson*, 527 S.W.2d 825 (Tex.Civ.App. —El Paso 1975, no writ).

Appellant alleged in her first amended motion for new trial that she had no knowledge of the motion to modify and was prevented from presenting her meritorious defense by deceit and fraud on the part of appellee. The attached affidavit recited that appellant "did not know [appellee] had filed court papers to change custody," that she informed her ex-husband that she was moving to Saudi Arabia and gave him the address, and that during the time that he said he used due diligence to find her, appellant was in constant contact with both her daughter and her attorney in San Antonio. Her daughter, attorney, and parents all knew where she was, but appellee never tried to contact her through them. Appellant's lack of knowledge is not rebutted or questioned in a reply to the motion; however, appellee maintains in his brief that appellant's actions of moving the child

from country to country and secreting the child from him indicate her knowledge of impending legal action. We think these actions are no indication at all of knowledge of the motion to modify, particularly in light of evidence that appellant moved from the country because her present husband obtained employment in Saudi Arabia.

Appellee further maintains that appellant failed to set up a meritorious defense to the modification in her amended motion for new trial because she failed to allege any facts which in law would constitute a defense.

The test for setting up a meritorious defense has been described by the Supreme Court as follows:

> The rule of *Craddock [v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (1939)]* does not require *proof* of a meritorious defense in the accepted sense to entitle one to a new trial after default; the motion should be granted if it 'sets up a meritorious defense.' In this respect the burden a defaulting defendant must assume on motion for new trial is much less onerous than the burden he must assume in a bill of review proceeding filed after expiration of the time for filing a motion for new trial.... The motion must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense.... This much is necessary to prevent the reopening of cases to try out fictitious or unmeritorious defenses. But once these requirements are met, it is improper to try the defensive issues made by the motion or the pleadings.

*Ivy v. Carrell,* 407 S.W.2d 212, 214 (Tex. 1966).

The motion alleges that movant "was prevented from presenting her meritorious defense by deceipt (sic) and fraud...." The attached affidavit alleges

> ... Over the past two years, I have corresponded with Mr. Sexton and he has never mentioned that he had changed the custody of our child and he has never told me that I was supposed to be paying Child Support to him. My son, Kirk has been with me all of the time. In March, 1987, I made an inquiry to the Air Force Finance Center to see why I was not receiving Child Support payments and they told me about the Court Order. I immediately contacted an attorney.

> \* \* \* \* \* \*

> I am providing 100% of my son's support and Mr. Sexton is not providing any support for him. I certainly would not voluntarily give up custody of my child and have made a very good life for him. I am a good mother and there is no reason why custody should have been changed to Mr. Sexton.

Courts should exercise liberality in favor of a defaulted party having a day in court in passing on a motion for new trial and the sufficiency of supporting evidence. *McCarthy,* 527 S.W.2d at 827. *Western Union Telegraph Co. v. McGinnis,* 508 S.W.2d 147 (Tex.Civ.App.—San Antonio 1974, no writ). This is particularly true in suits affecting the parent-child relationship. The extremely important decision of a trial court to change a managing conservatorship should not be made casually based on the procedural advantage of one of the parties. The best interest of the child requires that the issues be as fully developed as possible before a change is ordered.

Using this guideline, we find that the pleading and sworn testimony are sufficient to set up a meritorious defense to modification of custody. It indicates that retention of appellant as managing conservator has not been and would not be injurious to the child and that there are no circumstances which have materially or substantially changed so as to justify modification of the divorce decree. In addition, the allegation that Mr. Sexton has never informed appellant of the modification and has not sought to exercise his right to custody over approximately a two year period, strongly negates any contention that his appointment as managing conservator would be a positive improvement for the child. *See* TEX.FAM.CODE ANN. § 14.-

08(c)(1) (Vernon 1986). The refusal to grant a new trial was an abuse of discretion.

The judgment of the trial court is reversed, and the cause remanded to the trial court for a trial on the merits.

CANTU, J., concurs without opinion.