DORROUGH v. CANTWELL

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-208-CV

GLORIA DYNEIL DORROUGH APPELLANT

V.

WILLIAM CANTWELL APPELLEE

------------

FROM THE 322ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is a case involving the termination of Appellee William Cantwell’s parental rights.  In five points, Appellant Gloria Dyneil Dorrough appeals the trial court’s denial of her motion for new trial following a default judgment that found her petition for bill of review to be frivolous, imposed sanctions, and denied the relief sought in the bill of review.  We affirm.

BACKGROUND

Appellee filed a petition seeking to voluntarily terminate his parental rights  to the two children of his marriage with Appellant.
(footnote: 2)  On July 18, 2002, the trial court granted a default judgment in favor of Appellee.
(footnote: 3)  Following the default judgment, Appellant filed a motion for new trial which was orally granted, but the order was never presented to the trial court for its signature; thus, the motion for new trial was overruled by operation of law.

On March 10, 2003, Appellant filed a petition for a bill of review, seeking to set aside the default judgment terminating Appellee’s parental rights. Appellee filed a motion for sanctions pursuant to chapter 10 of the Texas Civil Practice and Remedies Code, seeking attorney’s fees, expenses, and costs because Appellant’s bill of review was a frivolous pleading.  Appellee also filed an amended answer seeking attorney’s fees for defending the suit, expenses, and costs.

On May 20, 2003, a hearing was held before an associate judge, whose recommendations state that Appellant timely filed her bill of review, that the bill of review should be set for a hearing before the district judge, and that Appellee’s motion for sanctions is passed pending the hearing on the bill of review.

On March 7, 2005, the trial court held a hearing on Appellant’s petition for bill of review.  Appellant did not appear for the hearing.  The trial court took judicial notice of the contents of the court’s file.  Appellee’s counsel testified regarding attorney’s fees, and Appellee testified regarding his travel expenses in coming from Mississippi for the hearing.  Also on March 7, 2005, the trial court signed a “Final Judgment And Order Imposing Sanctions” finding that good cause existed to sanction Appellant and her attorney, granting Appellee’s motion for sanctions, awarding Appellee’s attorney $2500 in attorney’s fees and Appellee $700 in travel expenses, dismissing the petition for bill of review, and denying the relief requested in the bill of review.
(footnote: 4)  The exact wording of this judgment will be discussed in detail later in this opinion.

On April 6, 2005, Appellant filed a motion for new trial.  The trial court held a hearing on the motion for new trial on May 2, 2005.  Appellant argued that she had a meritorious defense entitling her to a bill of review because the trial court did not appoint a guardian ad litem for the children at the original trial on July 18, 2002.  Her attorney explained that Appellant had failed to appear at the bill of review hearing because he had neglected to mark the trial date on his calendar.  The trial court determined that Appellant had not been prevented from presenting a meritorious defense and denied her motion for new trial.

SANCTIONS

In her first point, Appellant contends that the trial court erred by imposing sanctions without giving her proper notice and a reasonable opportunity to respond as required by chapter 10 of the Texas Civil Practice and Remedies Code.  In her second point, Appellant asserts that the trial court erred by imposing sanctions when Appellee had not filed and set for hearing a new motion for sanctions, and a previous motion for sanctions had been denied.  In her third point, Appellant asserts that the trial court erred by issuing a sanctions order that failed to describe the conduct that violated section 10.001 of the civil practice and remedies code.

Appellant does not challenge the sufficiency of the evidence to support the trial court’s finding that good cause existed to award sanctions against her, nor does she contend that the sanction of dismissal of the petition for bill of review may not be authorized under section 10.004 of the civil practice and remedies code.  Accordingly, we do not address the sufficiency of the evidence to support the trial court’s finding that the filing of the bill of review violated section 10.004 of the civil practice and remedies code or the issue of whether that section permits a case to be dismissed as an appropriate sanction.

Chapter 10: Sanctions For Frivolous Pleadings And Motions

Chapter 10 of the Texas Civil Practice and Remedies Code authorizes a trial court to impose sanctions upon a person, a party represented by the person, or both, for advancing frivolous pleadings.  
Tex. Civ. Prac. & Rem. Code Ann. §
§ 10.001-.006
 
(Vernon 2002).  In the instant case, Appellee’s motion for sanctions alleged violations of section 10.001(1), (2), and (3).  The exact language of the allegations is identical to what is recited in section 1 of the court’s order imposing sanctions.

The Trial Court’s “Final Judgment And Order Imposing Sanctions
”

The complete text of this document signed by the trial court on March 7, 2005 is as follows:

FINAL JUDGMENT AND 

ORDER IMPOSING SANCTIONS
 

On March 7, 2005, a trial and a hearing was held on the motion of [Appellee], for sanctions pursuant to section 10.001 et seq. of the Texas Civil Practice and Remedies Code in the above-styled and numbered cause.  After considering the motion, response, pleadings, evidence and the arguments of counsel, the court is of the opinion the [Appellee’s] motion should be 
GRANTED 
and in support thereof, the Court finds the following:

The Court finds good cause exists to sanction [Appellant] and [her attorney] because of the following:

1. ORIGINAL PETITION FOR BILL OF REVIEW was served on attorney of record for [Appellee] on March 11, 2003, and was presented for an improper purpose and has a claim, defense or other legal contention that is not warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law and each allegation or other factual contention does not have evidentiary support and is not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. 

The Court finds that [Appellant] and [her attorney] was responsible for the above.  All relief requested in the Bill of Review is 
denied
.

IT IS THEREFORE ORDERED
 that [Appellant] and [her attorney], for violating Section 10.001 et seq. of the Texas Civil Practice and Remedies Code, is hereby sanctioned.  Said sanction and judgment at final trial will be [Appellant’s] Bill of Review is dismissed.

IT IS FURTHER ORDERED 
that [Appellant] and [her attorney] pay $2,500 as reasonable attorney’s fees to [Appellee’s attorney] and $700 as reasonable expenses to [Appellee]. 

SIGNED and ENTERED on March 7, 2005.

Was There A Pending Motion For Sanctions?
 

Appellant claims that Appellee’s motion for sanctions was not a live pleading on the date of the bill of review hearing because the motion had previously been denied by the trial court.  Appellant directs us to the trial court’s docket sheet which contains a notation dated 6-23-03 reciting that the motion for sanctions is denied.

Rule 306a(2) of the Texas Rules of Civil Procedure provides that “Judges, attorneys, and clerks are directed to use their best efforts to cause all judgments, decisions and orders of any kind to be reduced to writing and signed by the trial judge with the date of signing stated therein.”  
Tex. R. Civ. P
. 306a(2).  An exception to this general rule is that when a judgment or order is pronounced in open court it is considered “rendered” when it is officially announced and is valid from that time, making formal signing of an order only a ministerial act.  
Dunn v. Dunn
, 439 S.W.2d 830, 832 (Tex. 1969).  There is no indication in our record that prior to March 7, 2005 the trial court pronounced a ruling in open court on Appellee’s motion for sanctions.

In 
Guyot v. Guyot
, this court recognized that, in general, a docket entry forms no part of the record that may be considered on appeal; it is merely a memorandum made for the convenience of the clerk and the trial court.  
3 S.W.3d 243, 246-48 (Tex. App.—Fort Worth 1999, no pet.); 
see
 
Daniel v. Falcon  Interest Realty Corp.
, 190 S.W.3d 177, 188 (Tex. App.—Houston [1st Dist.] 2005, no pet.); 
Rush v. Barrios
, 56 S.W.3d 88, 95 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).
  One reason for not considering docket entries on appeal is that they are inherently unreliable.  
Guyot
, 3 S.W.3d at 247-48
; See Daniel
, 190 S.W.3d at 188
.
  A docket sheet cannot be used to show the existence of an order or judgment.  
Guyot
, 3 S.W.3d at 247; 
Pickell v. Guar. Nat’l Life Ins. Co.
, 917 S.W.2d 439, 441 (Tex. App.—Houston [14
th Dist.] 1996, no writ).
(footnote: 5)  Accordingly, we hold that Appellee’s motion for sanctions was a live pleading on the date of the hearing on Appellant’s bill of review.

Notice To Appellant

Section 10.003 of the civil practice and remedies code states, “The court shall provide a party who is the subject of a motion for sanctions under section 10.002 notice of the allegations and a reasonable opportunity to respond to the allegations.” 
Tex. Civ. Prac. & Rem. Code Ann.
 § 10.003.

Appellant’s attorney acknowledged that he received notice of the trial setting on his client’s petition for bill of review, which was scheduled by the trial court for a one-week jury trial beginning March 7, 2005.  Regarding the hearing on Appellee’s motion for sanctions, Appellant’s contention at the motion for new trial hearing and on appeal is that Appellant did not receive proper notice that a motion for sanctions would be heard on March 7 because there was no live pleading seeking sanctions pending in the trial court.  We have already held that Appellee’s motion for sanctions was a live pleading on March 7.  We further hold that the trial court provided Appellant a reasonable opportunity at the March 7 trial setting to respond to the allegations in Appellee’s motion for sanctions, as required by section 10.003.

Does The Order Comport With Section 10.005?

In imposing sanctions under this chapter, a trial court is required to specifically detail the sanctionable conduct in its order;
 section 10.005 mandates that “[a] court shall describe in an order imposing a sanction under this chapter the conduct the court has determined violated Section 10.001 and explain the basis for the sanction imposed.”  
Id.
 § 10.005.  In support of her contention that the trial court’s order violated section 10.005, Appellant relies solely upon this court’s opinion in 
University of Texas at Arlington v. Bishop
, 997 S.W.2d 350 (Tex. App.—Fort Worth 1999, pet. denied).  In 
Bishop
, we held that it was error for the trial court to enter a sanctions order under section 10.005 without describing and explaining the conduct of UTA it relied upon in assessing the sanctions.  
Id 
at 355
.
  We find the facts of 
Bishop
 distinguishable from the instant case because in 
Bishop
 the trial court’s sanctions order merely stated that 
Bishop
 was awarded attorney’s fees against UTA as sanctions pursuant to section 10.005; the order contained no additional language regarding the award of attorney’s fees.  
See id.
  This differs from the case before us in which the trial court’s order does recite the several bases for the award of sanctions.  Accordingly, we conclude the order does not violate the requirements of section 10.005.

Were The Attorney’s Fees “Sanctions”?

Appellant contends that the attorney’s fees were improperly assessed as a sanction under section 10.004.  Appellee’s argument at the motion for new trial hearing and on appeal is that there was only one sanction imposed by the trial court, dismissal of the bill of review, and that the attorney’s fees were awarded to Appellee for defending the petition for bill of review.  We agree.

In his answer to the petition for bill of review, Appellee sought attorney’s fees, expenses, and costs for the defense of the suit.  At the March 7 hearing, Appellee’s attorney testified that “the amount of $2,500 is a reasonable amount of attorney’s fees in this case based on the legal matters involved.” Appellee testified that his expenses for a round trip from Mississippi to Fort Worth to attend the hearing were $700, which included room, gas, and food. The trial court’s March 7, 2005 “Final Judgment And Order Imposing Sanctions” specified that the sanction for violating chapter 10 of the civil practice and remedies code “will be [Appellant’s] Bill of Review is dismissed.”  In a separate paragraph, the court ordered Appellant to pay $2,500 as reasonable attorney’s fees to Appellee’s attorney and $700 as reasonable expenses to Appellee.

A party who successfully defends against a bill of review is entitled to recover attorney’s fees if attorney’s fees are authorized in the prosecution or defense of the underlying case.  
Meece v. Moerbe
, 631 S.W.2d 729, 730 (Tex. 1982); 
Lowe v. Farm Credit Bank of Tex.
, 2 S.W.3d 293, 299 (Tex. App.—San Antonio 1999, pet. denied);
 Bakali v. Bakali
, 830 S.W.2d 251, 257 (Tex. App.—Dallas 1992, no writ).  The legislature has authorized trial courts to award reasonable attorney’s fees and expenses in suits affecting a parent child relationship; these attorney’s fees and expenses may be ordered to be paid directly to an attorney. 
 
See
 
Tex. Fam. Code Ann.
 § 106.002 (Vernon Supp. 2005).

Appellee sought attorney’s fees and expenses relating to defending the bill of review that Appellant filed following a judgment against her in the underlying suit which involved a suit affecting a parent child relationship.  Appellee proved these attorney’s fees and expenses at trial.  The trial court’s judgment does not indicate that the attorney’s fees and expenses were awarded as a sanction for filing a frivolous bill of review; to the contrary, the only sanction mentioned in the judgment is dismissal of the bill of review.  Further, Appellee successfully defended against the bill of review because the trial court denied all relief that Appellant requested in the bill of review. Accordingly, we hold that the attorney’s fees and expenses were not awarded as sanctions and were properly awarded for Appellee’s defense of the bill of review proceeding in a suit affecting a parent child relationship.

We overrule Appellant’s points one, two, and three.

MOTION FOR NEW TRIAL

In her fourth and fifth points, Appellant asserts that the trial court erred  by denying her motion for new trial because the best interest of the child is an independent ground to seek a new trial and because she came within the standard of 
Craddock v. Sunshine Bus Lines, Inc.
, 134 Tex. 388, 133 S.W.2d 124 (1939).  

Standard Of Review

A motion for new trial is addressed to the trial court’s discretion, and the court’s ruling will not be disturbed on appeal in the absence of a showing that the trial court abused its discretion
.  Dir., State Employees Workers’ Comp. Div. v. Evans
, 889 S.W.2d 266, 268 (Tex. 1994).  To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable.  
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).  Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.  
Id
.

An abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence.  
Davis v. Huey
, 571 S.W.2d 859, 862 (Tex. 1978); 
see also Goode v. Shoukfeh
, 943 S.W.2d 441, 446 (Tex. 1997).  Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court’s decision.  
Butnaru v. Ford Motor Co.
, 84 S.W.3d 198, 211 (Tex. 2002).

Application Of Craddock To Family Law Cases
  

The requirements for setting aside a default judgment by motion for new trial were set forth by the supreme court in 
Craddock
, 133 S.W.2d at 126.  The movant must (1) establish that the failure to answer was not intentional or the result of conscious indifference, (2) set up a meritorious defense, and (3) demonstrate that setting aside the default will not cause a delay or otherwise injure the plaintiff.  
Id
.  “While trial courts have some measure of discretion in the matter, as, in truth, they have in all cases governed by equitable principles, it is not an unbridled discretion to decide cases as they might deem proper, without reference to any guiding rule or principle.”  
Id.

Appellant urges that the 
Craddock 
test is inappropriate in cases involving a suit affecting the parent-child relationship.  Several courts of appeals have reluctantly applied the 
Craddock 
test in suits affecting the parent-child relationship given the overriding consideration of the best interest of the child.  
Martinez v. Martinez
, 157 S.W.3d 467, 469-71 (Tex. App.—Houston [14th Dist.] 2004, no pet.); 
Comanche Nation v. Fox
, 128 S.W.3d 745, 749-52 (Tex. App.—Austin 2004, no pet.); 
Lowe v. Lowe
, 971 S.W.2d 720, 725-27 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); 
see also In re A.P.P., 
74 S.W.3d 570, 573-76 (Tex. App.—Corpus Christi 2002, no pet.); 
Sexton v. Sexton
, 737 S.W.2d 131, 133 (Tex. App.—San Antonio 1987, no writ).  Courts should exercise liberality in favor of a defaulting party having a day in court, and this is particularly true in suits affecting the parent-child relationship.  
Sexton
, 737 S.W.2d at 133.  The best interest of the child requires that the issues be as fully developed as possible.  
Id.  
For this reason, the Texas Supreme Court has been encouraged on several occasions to “outlin[e] a more fitting test” or “fashion a more workable rule” to be applied in this context.  
Commanche Nation, 
128
 
S.W.3d at 750; 
Lowe
, 971 S.W.2d at 727.  However, absent further direction from the supreme court, we shall continue to apply 
Craddock
. 

Proving The Requirements For A New Trial

At the hearing on the motion for new trial, Appellant’s attorney explained that he received notice of the trial date for the bill of review, but he failed to write down the trial date.  Calendaring errors have been held sufficient to establish “mistake or accident” under 
Craddock
.  
Presbyterian Healthcare Sys. v. Afangideh
, 993 S.W.2d 319, 323 (Tex. App.—Eastland 1999, pet. denied).  Accordingly, Appellant has met the first factor of the 
Craddock 
test because she proved that her failure to attend the bill of review hearing was due to accident or mistake, rather than the result of conscious indifference.  
See Craddock
, 133 S.W.2d at 126. 

The second prong of 
Craddock
 requires Appellant to prove that she has set up a meritorious defense.  
Id. 
 Appellant asserts that she has a meritorious defense because no guardian ad litem was appointed in the underlying termination case to represent the interest of the children as required by former section 107.001 of the family code.  
See
 Act of May 28, 1997, 75th Leg., R.S., ch. 1294, § 1, 1997 Tex. Gen. Laws 4930, 4930, 
amended by
, Act of May 27, 2003, 78th Leg., R.S., ch. 262, § 1, 2003 Tex. Gen. Laws 1173, 1174.
(footnote: 6)  However, in analyzing the trial court’s decision to deny Appellant’s motion for new trial, it is significant to note that this appeal is rather unique in that it is the appeal from the default judgment rendered against Appellant on her petition for bill of review after she failed to appear at trial on the bill of review, rather than an appeal from the original trial where a default judgment was also rendered against her.  Thus, at the May 2, 2005 hearing on her motion for new trial, in proving the second prong of 
Craddock
, which requires proof that she has set up a meritorious defense, Appellant must plead and prove the elements required for her bill of review action.

Before a litigant can successfully invoke a bill of review to set aside a final judgment, she must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment; (2) which she was prevented from making by the fraud, accident, or wrongful act of the opposite party; (3) unmixed with any fault or negligence of her own.  
Alexander v. Hagedorn
, 148 Tex. 565, 226 S.W.2d 996, 998 (Tex. 1950).  Appellee asserts that Appellant cannot prove that she was prevented from making her defense by fraud, accident, or wrongful act of the Appellee.

In her petition for bill of review, Appellant asserted that she was “prevented from making the meritorious defense by fraud, accident, or wrongful act of [Appellee] because 1) [Appellant’s attorney] sent the written order granting a new trial to counsel for [Appellee] for signing by the court, and [Appellee’s] counsel failed to get the order signed within the normal time frame for doing so; and 2) the attorney for [Appellee] took the default judgment without a guardian ad litem being appointed to represent the interests of the children, as required by section 107.001 of the Texas Family Code.”  At the hearing on the motion for new trial following the default judgment rendered for Appellee in Appellant’s bill of review proceeding, the trial court determined that Appellant had not been prevented from presenting a meritorious defense; rather, Appellant failed to appear for the trial on the termination of Appellee’s parental rights, and she also failed to appear at the trial on her own petition for bill of review.

Appellant’s initial contention is that she was prevented from presenting a meritorious defense by fraud, accident, or wrongful act, which was unmixed with her own negligence, because Appellee’s counsel failed to have the trial court sign the order granting her a new trial.  Appellant has failed to prove that Appellee or his attorney committed a fraudulent, accidental, or wrongful act by failing to have the trial court sign the order granting a new trial.  Appellant’s attorney acknowledged at the motion for new trial hearing following the judgment on the bill of review that it was not Appellee’s attorney’s responsibility to bring to the court for signature the order granting a new trial,  though it is often done as a matter of professional courtesy.  Additionally, Appellant has not presented facts to demonstrate that the failure to obtain the court’s signature on the original order granting a new trial was not due to her own negligence in failing to insure that the order was signed before her motion for new trial was overruled by operation of law.  
See
 
Tex. R. Civ. P.
 329b(c) (if written order granting motion for new trial is not signed within seventy-five days after the judgment was signed, the motion is overruled by operation of law).
(footnote: 7)
 Appellant’s second contention is that she was prevented from presenting her meritorious defense because Appellee obtained a default judgment in the termination case without the trial court appointing a guardian ad litem.  At the time of the termination proceedings, Texas Family Code section 107.001(a) provided as follows:

(a)  In a suit in which termination of the parent-child relationship is requested, the court or an associate judge shall appoint a guardian ad litem to represent the interests of the child immediately after the filing of the petition but before the full adversary hearing to ensure adequate representation of the child, unless:

(1)  the child is the petitioner;

(2)  an attorney ad litem has been appointed for the child; or

(3)  the court or an associate judge finds that the interests of the child will be represented adequately by a party to the suit and are not adverse to that party.

See
 Act of May 28, 1997, 75th Leg., R.S., ch. 1294, § 1, 1997 Tex. Gen. Laws 4930, 4930 (amended 2003).  As stated earlier, the record before this court contains none of the pleadings or documents filed or signed in the original suit brought by Appellee to voluntarily terminate his parental rights.  The record is devoid of the reason why a guardian ad litem was never appointed in the present case, nor does the record give any indication as to which of the statutory exceptions, if any, was appropriate.  Furthermore, neither of the parties address the reason why a guardian ad litem was not appointed in the present case.  Even a review of the record from the hearing on the motion for new trial in the bill of review proceeding does not lend any insight into the reason that a guardian ad litem had not been appointed.

Appellant cites 
In re M.D.S.
, 1 S.W.3d 190 (Tex. App.—Amarillo 1999,  no pet.), for the proposition that the appointment of a guardian ad litem is mandatory, unless one of the exceptions in section 107.001 applies.  In 
M.D.S.
, the court made a specific finding that a party to the suit adequately represented the best interests of the child; the court also found that party’s interests were not adverse to the child.  
Id.
 at 194-95.  As Appellant correctly points out, she cited this opinion at the hearing on the motion for new trial in the bill of review proceeding; however, she never presented evidence indicating that this finding had or had not been made or that any of the other statutory exceptions did or did not apply.  Accordingly, Appellant has failed to plead and prove that she was prevented from making a meritorious defense by a fraudulent, accidental, or wrongful act, which was unmixed with her own negligence.  
See
 
Hagedorn
, 226 S.W.2d at 998.

Because Appellant has failed to plead and prove the elements required for a bill of review action, she has not set up the facts that would establish that she is entitled to a new trial.  
See Craddock
, 133 S.W.2d at 126.  Accordingly, we hold that the trial court did not abuse its discretion in denying Appellant’s motion for new trial.  We overrule Appellant’s points four and five. 

CONCLUSION
 

Having overruled all of Appellant’s points on appeal, we affirm the judgment of the trial court.

PER CURIAM

PANEL B:  HOLMAN, LIVINGSTON, and MCCOY, JJ.

DELIVERED:  July 20, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The record does not contain Appellee’s petition and does not reflect the date the petition was filed.

3:
The record does not contain this judgment.

4:
Appellant’s attorney did not appeal the trial court’s order requiring him to pay Appellee’s attorney’s fees and travel expenses.  Accordingly, we are not called upon to review these awards as to Appellant’s attorney.

5:
Courts have considered docket entries in limited circumstances, but none of these circumstances are present in the instant case.  
See Escobar v. Escobar
, 711 S.W.2d 230, 232 (Tex. 1986) (appellate court reviewed docket entries to determine whether error in trial court’s written judgment was merely clerical and therefore subject to judgment nunc pro tunc); 
Carpenter v. Town & Country Bank
, 806 S.W.2d 959, 959 (Tex. App.—Eastland 1991, writ denied) (court reviewed docket sheet when judgment stated it was signed on one date and docket sheet indicated the judgment was signed on a later date).

6:
The current version of the statute omits this requirement and contains only a definition of the term guardian ad litem.  
See
 
Tex. Fam. Code Ann.
 §  107.001(5) (Vernon Supp. 2005).

7:
We note that Appellant was not represented by her current counsel at that time; she had other legal representation.