COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-208-CV

 

 

GLORIA DYNEIL DORROUGH                                                 APPELLANT

 

                                                   V.

 

WILLIAM CANTWELL                                                              APPELLEE

 

                                              ------------

 

           FROM
THE 322ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

This is a case involving the
termination of Appellee William Cantwell=s parental rights.  In five
points, Appellant Gloria Dyneil Dorrough appeals the trial court=s denial of her motion for new trial following a default judgment that
found her petition for bill of review to be frivolous, imposed sanctions, and
denied the relief sought in the bill of review. 
We affirm.








BACKGROUND

Appellee filed a petition
seeking to voluntarily terminate his parental rights  to the two children of his marriage with
Appellant.[2]  On July 18, 2002, the trial court granted a
default judgment in favor of Appellee.[3]  Following the default judgment, Appellant
filed a motion for new trial which was orally granted, but the order was never
presented to the trial court for its signature; thus, the motion for new trial
was overruled by operation of law.

On March 10, 2003, Appellant
filed a petition for a bill of review, seeking to set aside the default
judgment terminating Appellee=s parental rights. Appellee filed a motion for sanctions pursuant to
chapter 10 of the Texas Civil Practice and Remedies Code, seeking attorney=s fees, expenses, and costs because Appellant=s bill of review was a frivolous pleading.  Appellee also filed an amended answer seeking
attorney=s fees for defending the suit, expenses, and costs.








On May 20, 2003, a hearing
was held before an associate judge, whose recommendations state that Appellant
timely filed her bill of review, that the bill of review should be set for a
hearing before the district judge, and that Appellee=s motion for sanctions is passed pending the hearing on the bill of
review.

On March 7, 2005, the trial
court held a hearing on Appellant=s petition for bill of review. 
Appellant did not appear for the hearing.  The trial court took judicial notice of the
contents of the court=s file.  Appellee=s counsel testified regarding attorney=s fees, and Appellee testified regarding his travel expenses in coming
from Mississippi for the hearing.  Also
on March 7, 2005, the trial court signed a AFinal Judgment And Order Imposing Sanctions@ finding that good cause existed to sanction Appellant and her
attorney, granting Appellee=s motion for sanctions, awarding Appellee=s attorney $2500 in attorney=s fees and Appellee $700 in travel expenses, dismissing the petition
for bill of review, and denying the relief requested in the bill of review.[4]  The exact wording of this judgment will be
discussed in detail later in this opinion.








On April 6, 2005, Appellant
filed a motion for new trial.  The trial
court held a hearing on the motion for new trial on May 2, 2005.  Appellant argued that she had a meritorious
defense entitling her to a bill of review because the trial court did not
appoint a guardian ad litem for the children at the original trial on July 18,
2002.  Her attorney explained that
Appellant had failed to appear at the bill of review hearing because he had
neglected to mark the trial date on his calendar.  The trial court determined that Appellant had
not been prevented from presenting a meritorious defense and denied her motion
for new trial.

SANCTIONS

In her first point, Appellant
contends that the trial court erred by imposing sanctions without giving her
proper notice and a reasonable opportunity to respond as required by chapter 10
of the Texas Civil Practice and Remedies Code. 
In her second point, Appellant asserts that the trial court erred by
imposing sanctions when Appellee had not filed and set for hearing a new motion
for sanctions, and a previous motion for sanctions had been denied.  In her third point, Appellant asserts that
the trial court erred by issuing a sanctions order that failed to describe the
conduct that violated section 10.001 of the civil practice and remedies code.








Appellant does not challenge
the sufficiency of the evidence to support the trial court=s finding that good cause existed to award sanctions against her, nor
does she contend that the sanction of dismissal of the petition for bill of
review may not be authorized under section 10.004 of the civil practice and
remedies code.  Accordingly, we do not
address the sufficiency of the evidence to support the trial court=s finding that the filing of the bill of review violated section 10.004
of the civil practice and remedies code or the issue of whether that section
permits a case to be dismissed as an appropriate sanction.

Chapter 10: Sanctions For
Frivolous Pleadings And Motions

Chapter 10 of the Texas Civil
Practice and Remedies Code authorizes a trial court to impose sanctions upon a
person, a party represented by the person, or both, for advancing frivolous
pleadings.  Tex. Civ. Prac. & Rem. Code Ann. '' 10.001-.006 (Vernon
2002).  In the instant case, Appellee=s motion for sanctions alleged violations of section 10.001(1), (2),
and (3).  The exact language of the
allegations is identical to what is recited in section 1 of the court=s order imposing sanctions.

The Trial Court=s AFinal Judgment And Order Imposing Sanctions@

The complete text of this
document signed by the trial court on March 7, 2005 is as follows:

                                    FINAL
JUDGMENT AND 

                               ORDER
IMPOSING SANCTIONS 

 

On March 7, 2005, a trial and a hearing was held
on the motion of [Appellee], for sanctions pursuant to section 10.001 et seq.
of the Texas Civil Practice and Remedies Code in the above-styled and numbered
cause.  After considering the motion,
response, pleadings, evidence and the arguments of counsel, the court is of the
opinion the [Appellee=s]
motion should be GRANTED and in support thereof, the Court finds the
following:

 

The Court finds good cause exists to sanction
[Appellant] and [her attorney] because of the following:








1.     ORIGINAL
PETITION FOR BILL OF REVIEW was served on attorney of record for [Appellee] on
March 11, 2003, and was presented for an improper purpose and has a claim,
defense or other legal contention that is not warranted by existing law or by a
nonfrivolous argument for the extension, modification or reversal of existing
law or the establishment of new law and each allegation or other factual
contention does not have evidentiary support and is not likely to have
evidentiary support after a reasonable opportunity for further investigation or
discovery. 

 

The Court finds that [Appellant] and [her
attorney] was responsible for the above. 
All relief requested in the Bill of Review is denied.

 

IT IS THEREFORE ORDERED that
[Appellant] and [her attorney], for violating Section 10.001 et seq. of the
Texas Civil Practice and Remedies Code, is hereby sanctioned.  Said sanction and judgment at final trial
will be [Appellant=s]
Bill of Review is dismissed.

 

IT IS FURTHER ORDERED that [Appellant]
and [her attorney] pay $2,500 as reasonable attorney=s
fees to [Appellee=s
attorney] and $700 as reasonable expenses to [Appellee]. 

 

SIGNED and ENTERED on March
7, 2005.

Was There A Pending Motion
For Sanctions? 

Appellant claims that
Appellee=s motion for sanctions was not a live pleading on the date of the bill
of review hearing because the motion had previously been denied by the trial
court.  Appellant directs us to the trial
court=s docket sheet which contains a notation dated 6-23-03 reciting that
the motion for sanctions is denied.








Rule 306a(2) of the Texas
Rules of Civil Procedure provides that AJudges, attorneys, and clerks are directed to use their best efforts
to cause all judgments, decisions and orders of any kind to be reduced to
writing and signed by the trial judge with the date of signing stated therein.@  Tex. R. Civ. P. 306a(2). 
An exception to this general rule is that when a judgment or order is
pronounced in open court it is considered Arendered@ when it is
officially announced and is valid from that time, making formal signing of an
order only a ministerial act.  Dunn v.
Dunn, 439 S.W.2d 830, 832 (Tex. 1969). 
There is no indication in our record that prior to March 7, 2005 the
trial court pronounced a ruling in open court on Appellee=s motion for sanctions.








In Guyot v. Guyot,
this court recognized that, in general, a docket entry forms no part of the
record that may be considered on appeal; it is merely a memorandum made for the
convenience of the clerk and the trial court. 
3 S.W.3d 243, 246-48 (Tex. App.CFort Worth 1999, no pet.); see Daniel v. Falcon  Interest Realty Corp., 190 S.W.3d 177,
188 (Tex. App.CHouston [1st
Dist.] 2005, no pet.); Rush v. Barrios, 56 S.W.3d 88, 95 (Tex. App.CHouston [14th Dist.] 2001, pet. denied).  One reason for not considering docket entries
on appeal is that they are inherently unreliable.  Guyot, 3 S.W.3d at 247-48; See
Daniel, 190 S.W.3d at 188.  A
docket sheet cannot be used to show the existence of an order or judgment.  Guyot, 3 S.W.3d at 247; Pickell v.
Guar. Nat=l Life Ins.
Co., 917 S.W.2d 439, 441 (Tex. App.CHouston [14th Dist.] 1996, no writ).[5]  Accordingly, we hold that Appellee=s motion for sanctions was a live pleading on the date of the hearing
on Appellant=s bill of
review.

Notice To Appellant

Section 10.003 of the civil
practice and remedies code states, AThe court shall provide a party who is the subject of a motion for
sanctions under section 10.002 notice of the allegations and a reasonable
opportunity to respond to the allegations.@ Tex. Civ. Prac. & Rem.
Code Ann. ' 10.003.








Appellant=s attorney acknowledged that he received notice of the trial setting
on his client=s petition
for bill of review, which was scheduled by the trial court for a one-week jury
trial beginning March 7, 2005.  Regarding
the hearing on Appellee=s motion for
sanctions, Appellant=s contention
at the motion for new trial hearing and on appeal is that Appellant did not
receive proper notice that a motion for sanctions would be heard on March 7
because there was no live pleading seeking sanctions pending in the trial
court.  We have already held that
Appellee=s motion for sanctions was a live pleading on March 7.  We further hold that the trial court provided
Appellant a reasonable opportunity at the March 7 trial setting to respond to
the allegations in Appellee=s motion for sanctions, as required by section 10.003.

Does The Order Comport With
Section 10.005?








In imposing sanctions under
this chapter, a trial court is required to specifically detail the sanctionable
conduct in its order; section 10.005 mandates that A[a] court shall describe in an order imposing a sanction under this
chapter the conduct the court has determined violated Section 10.001 and
explain the basis for the sanction imposed.@  Id. ' 10.005.  In support of her
contention that the trial court=s order violated section 10.005, Appellant relies solely upon this
court=s opinion in University of Texas at Arlington v. Bishop, 997
S.W.2d 350 (Tex. App.CFort Worth
1999, pet. denied).  In Bishop, we
held that it was error for the trial court to enter a sanctions order under
section 10.005 without describing and explaining the conduct of UTA it relied
upon in assessing the sanctions.  Id at
355.  We find the facts of Bishop
distinguishable from the instant case because in Bishop the trial court=s sanctions order merely stated that Bishop was awarded
attorney=s fees against UTA as sanctions pursuant to section 10.005; the order
contained no additional language regarding the award of attorney=s fees.  See id.  This differs from the case before us in which
the trial court=s order does
recite the several bases for the award of sanctions.  Accordingly, we conclude the order does not
violate the requirements of section 10.005.

Were The Attorney=s Fees ASanctions@?

Appellant contends that the
attorney=s fees were improperly assessed as a sanction under section
10.004.  Appellee=s argument at the motion for new trial hearing and on appeal is that
there was only one sanction imposed by the trial court, dismissal of the bill
of review, and that the attorney=s fees were awarded to Appellee for defending the petition for bill of
review.  We agree.








In his answer to the petition
for bill of review, Appellee sought attorney=s fees, expenses, and costs for the defense of the suit.  At the March 7 hearing, Appellee=s attorney testified that Athe amount of $2,500 is a reasonable amount of attorney=s fees in this case based on the legal matters involved.@ Appellee testified that his expenses for a round trip from
Mississippi to Fort Worth to attend the hearing were $700, which included room,
gas, and food. The trial court=s March 7, 2005 AFinal
Judgment And Order Imposing Sanctions@ specified that the sanction for violating chapter 10 of the civil
practice and remedies code Awill be [Appellant=s] Bill of Review is dismissed.@  In a separate paragraph, the
court ordered Appellant to pay $2,500 as reasonable attorney=s fees to Appellee=s attorney and $700 as reasonable expenses to Appellee.

A party who successfully
defends against a bill of review is entitled to recover attorney=s fees if attorney=s fees are authorized in the prosecution or defense of the underlying
case.  Meece v. Moerbe, 631 S.W.2d
729, 730 (Tex. 1982); Lowe v. Farm Credit Bank of Tex., 2 S.W.3d 293,
299 (Tex. App.CSan Antonio
1999, pet. denied); Bakali v. Bakali, 830 S.W.2d 251, 257 (Tex. App.CDallas 1992, no writ).  The
legislature has authorized trial courts to award reasonable attorney=s fees and expenses in suits affecting a parent child relationship;
these attorney=s fees and
expenses may be ordered to be paid directly to an attorney.  See Tex.
Fam. Code Ann. ' 106.002
(Vernon Supp. 2005).








Appellee sought attorney=s fees and expenses relating to defending the bill of review that
Appellant filed following a judgment against her in the underlying suit which
involved a suit affecting a parent child relationship.  Appellee proved these attorney=s fees and expenses at trial. 
The trial court=s judgment
does not indicate that the attorney=s fees and expenses were awarded as a sanction for filing a frivolous
bill of review; to the contrary, the only sanction mentioned in the judgment is
dismissal of the bill of review.  Further,
Appellee successfully defended against the bill of review because the trial
court denied all relief that Appellant requested in the bill of review.
Accordingly, we hold that the attorney=s fees and expenses were not awarded as sanctions and were properly
awarded for Appellee=s defense of
the bill of review proceeding in a suit affecting a parent child relationship.

We overrule Appellant=s points one, two, and three.

                                   MOTION FOR NEW TRIAL

In her fourth and fifth
points, Appellant asserts that the trial court erred  by denying her motion for new trial because
the best interest of the child is an independent ground to seek a new trial and
because she came within the standard of Craddock v. Sunshine Bus Lines, Inc.,
134 Tex. 388, 133 S.W.2d 124 (1939).  

Standard Of Review








A motion for new trial is
addressed to the trial court=s discretion, and the court=s ruling will not be disturbed on appeal in the absence of a showing
that the trial court abused its discretion. 
Dir., State Employees Workers= Comp. Div. v. Evans, 889 S.W.2d
266, 268 (Tex. 1994).  To determine
whether a trial court abused its discretion, we must decide whether the trial
court acted without reference to any guiding rules or principles; in other
words, whether the act was arbitrary or unreasonable.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159
(1986).  Merely because a trial court may
decide a matter within its discretion in a different manner than an appellate
court would in a similar circumstance does not demonstrate that an abuse of
discretion has occurred.  Id.

An abuse of discretion does
not occur where the trial court bases its decisions on conflicting
evidence.  Davis v. Huey, 571
S.W.2d 859, 862 (Tex. 1978); see also Goode v. Shoukfeh, 943 S.W.2d 441,
446 (Tex. 1997).  Furthermore, an abuse
of discretion does not occur as long as some evidence of substantive and
probative character exists to support the trial court=s decision.  Butnaru v. Ford
Motor Co., 84 S.W.3d 198, 211 (Tex. 2002).

Application Of Craddock To
Family Law Cases  

The requirements for setting
aside a default judgment by motion for new trial were set forth by the supreme
court in Craddock, 133 S.W.2d at 126. 
The movant must (1) establish that the failure to answer was not
intentional or the result of conscious indifference, (2) set up a meritorious
defense, and (3) demonstrate that setting aside the default will not cause a
delay or otherwise injure the plaintiff. 
Id.  AWhile trial courts have some measure of discretion in the matter, as,
in truth, they have in all cases governed by equitable principles, it is not an
unbridled discretion to decide cases as they might deem proper, without
reference to any guiding rule or principle.@  Id.








Appellant urges that the Craddock
test is inappropriate in cases involving a suit affecting the parent-child
relationship.  Several courts of appeals
have reluctantly applied the Craddock test in suits affecting the parent‑child
relationship given the overriding consideration of the best interest of the
child.  Martinez v. Martinez, 157
S.W.3d 467, 469‑71 (Tex. App.CHouston [14th Dist.] 2004, no pet.); Comanche Nation v. Fox,
128 S.W.3d 745, 749-52 (Tex. App.CAustin 2004, no pet.); Lowe v. Lowe, 971 S.W.2d 720, 725‑27
(Tex. App.CHouston
[14th Dist.] 1998, pet. denied); see also In re A.P.P., 74 S.W.3d 570,
573-76 (Tex. App.CCorpus
Christi 2002, no pet.); Sexton v. Sexton, 737 S.W.2d 131, 133 (Tex. App.CSan Antonio 1987, no writ). 
Courts should exercise liberality in favor of a defaulting party having
a day in court, and this is particularly true in suits affecting the parent‑child
relationship.  Sexton, 737 S.W.2d
at 133.  The best interest of the child
requires that the issues be as fully developed as possible.  Id. 
For this reason, the Texas Supreme Court has been encouraged on
several occasions to Aoutlin[e] a
more fitting test@ or Afashion a more workable rule@ to be applied in this context. 
Commanche Nation, 128 S.W.3d at 750; Lowe, 971
S.W.2d at 727.  However, absent further
direction from the supreme court, we shall continue to apply Craddock. 

 








Proving The Requirements For
A New Trial

At the hearing on the motion
for new trial, Appellant=s attorney
explained that he received notice of the trial date for the bill of review, but
he failed to write down the trial date. 
Calendaring errors have been held sufficient to establish Amistake or accident@ under Craddock.  Presbyterian
Healthcare Sys. v. Afangideh, 993 S.W.2d 319, 323 (Tex. App.CEastland 1999, pet. denied). 
Accordingly, Appellant has met the first factor of the Craddock test
because she proved that her failure to attend the bill of review hearing was
due to accident or mistake, rather than the result of conscious
indifference.  See Craddock, 133
S.W.2d at 126. 








The second prong of Craddock
requires Appellant to prove that she has set up a meritorious defense.  Id.  Appellant asserts that she has a meritorious
defense because no guardian ad litem was appointed in the underlying
termination case to represent the interest of the children as required by
former section 107.001 of the family code. 
See Act of May 28, 1997, 75th Leg., R.S., ch. 1294, ' 1, 1997 Tex. Gen. Laws 4930, 4930, amended by, Act of May 27,
2003, 78th Leg., R.S., ch. 262, ' 1, 2003 Tex. Gen. Laws 1173, 1174.[6]  However, in analyzing the trial court=s decision to deny Appellant=s motion for new trial, it is significant to note that this appeal is
rather unique in that it is the appeal from the default judgment rendered
against Appellant on her petition for bill of review after she failed to appear
at trial on the bill of review, rather than an appeal from the original trial
where a default judgment was also rendered against her.  Thus, at the May 2, 2005 hearing on her
motion for new trial, in proving the second prong of Craddock, which
requires proof that she has set up a meritorious defense, Appellant must plead
and prove the elements required for her bill of review action.

Before a litigant can
successfully invoke a bill of review to set aside a final judgment, she must
allege and prove: (1) a meritorious defense to the cause of action alleged to
support the judgment; (2) which she was prevented from making by the fraud,
accident, or wrongful act of the opposite party; (3) unmixed with any fault or
negligence of her own.  Alexander v.
Hagedorn, 148 Tex. 565, 226 S.W.2d 996, 998 (Tex. 1950).  Appellee asserts that Appellant cannot prove
that she was prevented from making her defense by fraud, accident, or wrongful
act of the Appellee.








In her petition for bill of
review, Appellant asserted that she was Aprevented from making the meritorious defense by fraud, accident, or
wrongful act of [Appellee] because 1) [Appellant=s attorney] sent the written order granting a new trial to counsel for
[Appellee] for signing by the court, and [Appellee=s] counsel failed to get the order signed within the normal time frame
for doing so; and 2) the attorney for [Appellee] took the default judgment
without a guardian ad litem being appointed to represent the interests of the
children, as required by section 107.001 of the Texas Family Code.@  At the hearing on the motion
for new trial following the default judgment rendered for Appellee in Appellant=s bill of review proceeding, the trial court determined that Appellant
had not been prevented from presenting a meritorious defense; rather, Appellant
failed to appear for the trial on the termination of Appellee=s parental rights, and she also failed to appear at the trial on her
own petition for bill of review.








Appellant=s initial contention is that she was prevented from presenting a
meritorious defense by fraud, accident, or wrongful act, which was unmixed with
her own negligence, because Appellee=s counsel failed to have the trial court sign the order granting her a
new trial.  Appellant has failed to prove
that Appellee or his attorney committed a fraudulent, accidental, or wrongful
act by failing to have the trial court sign the order granting a new
trial.  Appellant=s attorney acknowledged at the motion for new trial hearing following
the judgment on the bill of review that it was not Appellee=s attorney=s
responsibility to bring to the court for signature the order granting a new
trial,  though it is often done as a
matter of professional courtesy. 
Additionally, Appellant has not presented facts to demonstrate that the
failure to obtain the court=s signature on the original order granting a new trial was not due to
her own negligence in failing to insure that the order was signed before her
motion for new trial was overruled by operation of law.  See Tex.
R. Civ. P. 329b(c) (if written order granting motion for new trial is
not signed within seventy-five days after the judgment was signed, the motion
is overruled by operation of law).[7]

Appellant=s second contention is that she was prevented from presenting her
meritorious defense because Appellee obtained a default judgment in the
termination case without the trial court appointing a guardian ad litem.  At the time of the termination proceedings,
Texas Family Code section 107.001(a) provided as follows:

(a)  In a suit in which termination of the
parent-child relationship is requested, the court or an associate judge shall
appoint a guardian ad litem to represent the interests of the child immediately
after the filing of the petition but before the full adversary hearing to
ensure adequate representation of the child, unless:

 

(1)  the child is the
petitioner;








(2)  an attorney ad litem has been appointed for
the child; or

 

(3)  the court or an associate judge finds that
the interests of the child will be represented adequately by a party to the
suit and are not adverse to that party.

See Act
of May 28, 1997, 75th Leg., R.S., ch. 1294, ' 1, 1997 Tex. Gen. Laws 4930, 4930 (amended 2003).  As stated earlier, the record before this
court contains none of the pleadings or documents filed or signed in the
original suit brought by Appellee to voluntarily terminate his parental
rights.  The record is devoid of the
reason why a guardian ad litem was never appointed in the present case, nor
does the record give any indication as to which of the statutory exceptions, if
any, was appropriate.  Furthermore, neither
of the parties address the reason why a guardian ad litem was not appointed in
the present case.  Even a review of the
record from the hearing on the motion for new trial in the bill of review
proceeding does not lend any insight into the reason that a guardian ad litem
had not been appointed.








Appellant cites In re
M.D.S., 1 S.W.3d 190 (Tex. App.CAmarillo 1999,  no pet.), for
the proposition that the appointment of a guardian ad litem is mandatory, unless
one of the exceptions in section 107.001 applies.  In M.D.S., the court made a specific
finding that a party to the suit adequately represented the best interests of
the child; the court also found that party=s interests were not adverse to the child.  Id. at 194-95.  As Appellant correctly points out, she cited
this opinion at the hearing on the motion for new trial in the bill of review
proceeding; however, she never presented evidence indicating that this finding
had or had not been made or that any of the other statutory exceptions did or
did not apply.  Accordingly, Appellant
has failed to plead and prove that she was prevented from making a meritorious
defense by a fraudulent, accidental, or wrongful act, which was unmixed with
her own negligence.  See Hagedorn,
226 S.W.2d at 998.

Because Appellant has failed
to plead and prove the elements required for a bill of review action, she has
not set up the facts that would establish that she is entitled to a new trial.  See Craddock, 133 S.W.2d at 126.  Accordingly, we hold that the trial court did
not abuse its discretion in denying Appellant=s motion for new trial.  We
overrule Appellant=s points
four and five. 

                                           CONCLUSION   

Having overruled all of
Appellant=s points on
appeal, we affirm the judgment of the trial court.

 

PER CURIAM

 

 

PANEL
B:  HOLMAN, LIVINGSTON, and MCCOY, JJ.

 

 

DELIVERED:  July 20, 2006











[1]See Tex. R. App. P. 47.4.





[2]The
record does not contain Appellee=s petition and does not
reflect the date the petition was filed.





[3]The
record does not contain this judgment.





[4]Appellant=s
attorney did not appeal the trial court=s order requiring him to pay
Appellee=s
attorney=s
fees and travel expenses.  Accordingly,
we are not called upon to review these awards as to Appellant=s
attorney.





[5]Courts
have considered docket entries in limited circumstances, but none of these
circumstances are present in the instant case. 
See Escobar v. Escobar, 711 S.W.2d 230, 232 (Tex. 1986)
(appellate court reviewed docket entries to determine whether error in trial
court=s
written judgment was merely clerical and therefore subject to judgment nunc pro
tunc); Carpenter v. Town & Country Bank, 806 S.W.2d 959, 959 (Tex.
App.CEastland
1991, writ denied) (court reviewed docket sheet when judgment stated it was
signed on one date and docket sheet indicated the judgment was signed on a
later date).

 





[6]The
current version of the statute omits this requirement and contains only a
definition of the term guardian ad litem. 
See Tex. Fam. Code Ann.
'  107.001(5) (Vernon Supp. 2005).





[7]We
note that Appellant was not represented by her current counsel at that time;
she had other legal representation.