David HASKINS, Appellant,

v.

Doris R. FINKS et vir, Appellees.

No. 4457.

Court of Civil Appeals of Texas, Eastland.

June 25, 1971.

Rehearing Denied Sept. 24, 1971.

Davis, Callaway & Marshall, Ft. Worth, for appellant.

McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk, Ft. Worth, for appellees.

WALTER, Justice.

Doris R. Finks and W. S. Finks, Jr. recovered a default judgment against David Haskins and Haskins has appealed. He contends the court abused its discretion in overruling his amended motion for a new trial. He contends his motion and his affidavit establish his right to a new trial.

Appellee asserts that the motion was not heard merely on the motion and appellant's affidavit and the "trial court obviously considered other evidence in reaching its findings contained in its order overruling the amended motion for a new trial". No statement of facts has been filed herein.

The judgment recites:

"* * * and the Court finds that Defendant's failure to file an answer within the period prescribed by law was due to a lack of diligence and conscious indifference; and the Court further finds that Defendant's Amended Motion for New Trial and Defendant's Affidavit attached thereto do not allege facts which in law would constitute a defense to the cause of action asserted by Plaintiff, * * *"

In Ivy v. Carrell, 407 S.W.2d 212 (Tex. 1966), the Supreme Court said:

"The correct rule, applicable alike to motions for new trial which seek to set aside default judgments entered on failure of a defendant to file an answer and those entered on failure to appear for trial, is stated in Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939), as follows:

A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff."

Appellant pleaded "that the defendant has meritorious defenses and that the failure to set aside this default judgment would deprive him of such defense". In Ivy v. Carrell, supra, the court said:

"This does not mean that the motion should be granted if it merely alleges that the defendant 'has a meritorious defense.' The motion must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense."

The only evidence introduced at the hearing was the affidavit of appellant who is an interested witness. In this record, such interested witness's testimony by affidavit can not be considered as doing more than raising an issue of fact. See Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Tex.1965) and cases therein cited.

He states in his affidavit that "the accident occurred on rain slick streets and at the time of the accident he ran into the rear of the vehicle being driven by Doris Finks". * * * "I believe the accident was unavoidable due to the rain slick streets and do not believe I was negligent in any respect".

Tested by the rules set forth in Ivy v. Carrell, supra, we find that the court did not abuse his discretion in overruling the motion for a new trial. We find no merit in appellant's point of error. It is overruled. The judgment is affirmed.