David Clinton **HATTON**, Appellant,

v.

Carmen G. **GONZALEZ**, Appellee.

No. 1103.

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 16, 1976.

A. Deniz Tor, Tinker, Haas & Bradshaw, Corpus Christi, for appellant.

Fred C. Auforth, Auforth, Nebrat, Keas & McCrury, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This is an appeal from a judgment nihil dicit which was rendered in favor of Carmen G. Gonzalez, plaintiff in the court below. Suit was filed on February 28, 1974 to recover damages sustained in a rear-end collision on October 12, 1973, when plaintiff's automobile was struck from the rear by an automobile that was then being driven by David Clinton Hatton. The defendant, David Clinton Hatton, filed a general denial and a cross-action. It was alleged in the cross-action that the collision "was caused by the failure of Plaintiff and Cross-Defendant to use ordinary care in the operation of her vehicle", which proximately caused the collision and damage to defendant's vehicle.

The case was regularly set for trial "for the week of October 6, 1975". The case was called for trial on that date. Plaintiff and her counsel appeared and announced ready. Neither defendant nor his attorney appeared. Whereupon, the case proceeded to trial before the court, no jury having been demanded by anyone. At the close of plaintiff's testimony, the trial judge announced that he was rendering judgment for the plaintiff in the amount of $593.62 and was denying any relief to defendant under his cross-action. Formal judgment to that effect was signed on October 9, 1975.

Defendant timely filed a motion for new trial, which, after a hearing thereon, was overruled by the trial court. Defendant has perfected an appeal to this Court. In a single point of error, it is asserted:

"The trial court erred in failing to grant a new trial because Defendant's amended motion for new trial, the supporting affidavits, and the evidence adduced at the hearing thereof (a) established that his failure to appear was not intentional or the result of conscious indifference but was the result of a mistake or accident, (b) set up a meritorious defense, and (c) because the motion was filed and heard at a time when the granting of such motion would occasion no delay or cause injury to the Plaintiff."

Findings of fact and conclusions of law were filed. Included therein, are findings: 1) defendant's attorney was given "proper written notice" that the case was set for trial on October 6, 1975; 2) that no member of the law firm that was representing defendant in any manner communicated with the court prior to October 6, 1975, and advised the court that no member of the firm could be present at the trial that was set for October 6, 1975; 3) that no member of the firm that represented defendant appeared and answered either: a) "the pretrial docket call of this cause two weeks prior to its trial date", or b) "the trial docket call on the Friday prior to the trial"; 4) no attorney for defendant filed a motion for continuance or advised the court of his "unavailability" for trial prior to October 6, 1975; and, 5) that the failure of the attorney to appear for trial at the appointed time was not due to accident or mistake.

The court concluded: 1) the failure of the attorney to appear at the trial was: a) intentional, and b) a result of conscious indifference on his part; and 2) the motion for new trial did not "establish prima facie that the Defendant had a meritorious defense".

■ *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (Tex. Comm'n App. 1939, opinion adopted) laid down the rule:

"... A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. ..."

That rule applies to judgments nihil dicit as well as to default judgments. *Strode v. Silverman,* 217 S.W.2d 454 (Tex.Civ.App.—Waco, 1949, writ ref'd).

The rule stated in *Craddock* was restated and clarified by the Supreme Court in *Ivy*

*v. Carrell,* 407 S.W.2d 212 (Tex.Sup. 1966). In construing the requirement that defaulting or absent defendant set up a meritorious defense, the Court said:

". . . This does not mean that the motion (for new trial) should be granted if it merely *alleges* that the defendant 'has a meritorious defense.' The motion must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense. . . ." (emphasis by the Supreme Court)

The only allegations contained in the amended motion for new trial are:

"I

The absence of Defendant's attorney at the trial of this cause was not due to the fault or negligence of Defendant's attorney. Rather, the absence of Defendant's counsel was due to his being in trial in *United States of America vs. Richard Wayne Ochoa,* Cause Number Cr. 75–C–25, in the United States District Court for the Southern District of Texas, Corpus Christi Division. A jury of said case was picked on September 10, 1975. The actual trial of the case commenced at 9:00 a. m. on Monday, October 6, 1975.

II

The Defendant has a meritorious defense and cause of action in this case. Defendant would show that the proximate cause of this collision was the negligence of the Plaintiff, who failed to maintain the minimum posted speed."

Attached to the amended motion is an affidavit of the defendant, the pertinent parts of which read, as follows:

"My name is David Hatton. I am a resident of Corpus Christi, Nueces County, Texas. The collision made the subject of this lawsuit was not due to any negligence on my part. Rather, the collision was due to the Plaintiff's negligence in

failing to maintain the minimum posted speed."

Defendant did not meet the burden imposed upon him by *Craddock,* as clarified by *Ivy v. Carrell,* supra. The requirement of having a meritorious defense, and setting it up by *facts* which in law would constitute a defense to the suit instituted by plaintiff, supported by affidavit or other evidence which proves prima facie that defendant has such meritorious defense was not met in this case. The affidavit merely alleges that the collision was due to plaintiff's negligence in *failing to maintain the minimum posted speed.* There is no fact allegation as to the minimum posted speed, nor is there a fact allegation as to the speed of plaintiff's vehicle at the time of the collision. The allegations in the affidavit are only conclusions of the affiant (defendant), and do not allege facts. The factual allegations set out in paragraph I of the motion, without more, do not furnish a legal basis for the granting of a new trial. The assertions and allegations contained in paragraph II of the motion are insufficient in law to warrant the granting of a new trial; those assertions and allegations, like those contained in the affidavit which is attached to the motion, are only conclusions and in no way allege any facts. See *Leonard v. Leonard,* 512 S.W.2d 771 (Tex.Civ. App.—Corpus Christi 1974, writ dism'd); *Haskins v. Finks,* 470 S.W.2d 717 (Tex.Civ. App.—Eastland 1971, writ ref'd n. r. e.).

The trial court heard evidence on the motion for new trial and concluded that the motion should be overruled for several reasons, one being that the "defendant in his motion for new trial failed to set up either in his pleadings or by affidavit facts which in law establish prima facie that the defendant had a meritorious defense". The record fully sustains that conclusion of law. The trial court did not abuse its discretion in overruling the motion for new trial. Defendant's point is overruled.

The judgment of the trial court is AFFIRMED.