Carl Albert EVANS, Appellant,

v.

Shirley Ann WOODWARD, Appellee.

No. 05–83–00122–CV.

Court of Appeals of Texas, Dallas.

March 15, 1984.

George White, Irving, for appellant.

Keith E. Jagmin, Dallas, for appellee.

Before AKIN, SPARLING and SHUMPERT, JJ.

AKIN, Justice.

This appeal is from a judgment nihil dicit rendered in a suit to terminate parental rights. Woodward, the child's natural mother, sued Evans, the child's natural father, alleging five instances when Evans abused the child or permitted him to be abused. After rendition of a judgment of termination, Evans filed a motion for new trial which asserted that an answer had not been filed due to oversight on the part of Evans' counsel. We hold that the trial court abused its discretion by overruling Evans' motion for a new trial. Accordingly, we reverse and remand.

A motion for new trial from a judgment nihil dicit is governed by the same standards as a motion for new trial from a default judgment. *Hatton v. Gonzalez*, 541 S.W.2d 197, 198 (Tex.Civ.App.—Corpus Christi 1976, no writ). To secure a new trial the movant must show that: (1) the failure to file an answer was not intentional or the result of conscious indifference, but was due to a accident or mistake; (2) the motion "sets up" a meritorious defense; and (3) the granting of the motion will not delay or otherwise work an injury to the plaintiff. *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (Tex. Comm'n App.1939 opinion adopted). In the instant case, Woodward does not contest Evans' allegation that he has set up a meritorious defense nor that she would not be delayed or injured if a new trial were granted. Woodward does contend, however, that the trial court's finding that Evans' "failure to file timely an answer in this matter was not the result of an accident but was intentional or the result of conscious indifference" is supported by the record. We cannot agree.

The evidence adduced at the hearing on the motion for new trial showed that Evans had attended two interviews with the social worker who was preparing the social study in this case. The record also shows that Evans had retained counsel to represent him in this suit and that the failure to file an answer was the result of confusion in the attorney's office rather than indifference on Evans' part. Furthermore, although not adduced in the hearing on the motion for new trial, the transcript also shows that Evans appeared with his attorney before the master of the 330th District Court on two different occasions.

In *Healy v. Wick Building System, Inc.*, 560 S.W.2d 713, 715 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.), we held that retaining counsel and appearing at depositions negated conscious indifference in failing to file an answer. The focus of course, must be on the defendant's actions or the lack thereof rather than on those of his attorney. Evans' participation in this suit was more than that described in *Healy*. Considering Evans' action in defense of this suit, we hold, as a matter of law, that his failure to file an answer in this case was neither intentional nor the result of conscious indifference. Consequently, the trial court's refusal to grant the motion for new trial was an abuse of discretion.

Reversed and remanded.