# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00531-CV

**George Michael Henderson, Appellant**

**v.**

**Roberta Lee Henderson, Appellee**

**FROM THE DISTRICT COURT OF BLANCO COUNTY, 424TH JUDICIAL DISTRICT
NO. CV06799, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Following a hearing which appellant George Michael Henderson did not attend, the district court rendered a final divorce decree ending George's[1] marriage to appellee Roberta Lee Henderson, dividing the parties' marital estate, and awarding Roberta spousal maintenance. George timely filed a motion to set aside the judgment and for new trial, referencing elements required under *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939), but without verification or attached evidence. After the thirty-day deadline for filing post-judgment motions had expired, but while his motion was still pending, George supplemented and then amended the motion, each time attaching evidence. However, his new trial motion was ultimately overruled. In a single issue

---

[1] Because the parties shared a common surname at times relevant to this appeal, we will identify them by their first names to avoid confusion.

on appeal, George argues that the district court erred and abused its discretion in denying him a new trial. Concluding otherwise on this record, we will affirm the district court's judgment.

After being married for more than thirty-three years, Roberta filed for divorce from George on June 22, 2009. During the following month, George executed, under oath, a waiver of service, which was filed with the district court in September of that year. In this document, George averred that he had been provided a copy of Roberta's divorce petition and understood its contents, that he had waived the requirement of service by citation and entered his "appearance in the case for all purposes," and that, while he "agree[d] that this case may be taken up and considered by the Court without further notice to me," he "want[ed] to be notified of any hearing or trial of this case" and did "not waive any rights I may have with regard to the division of my interest in my spouse's and my property." George further averred that his mailing address was a post office box in Cleburne, that he understood that any notices regarding the proceeding would be sent there, and that he had a duty to notify both the court and Roberta's counsel if his address changed during the proceeding. This post office box, the record reflects, was located in a Cleburne business known as Pack 'n' Mail.

In April 2010, the district court gave the parties notice of its intent to dismiss the case for want of prosecution and set a dismissal hearing for June 23. This prompted Roberta to obtain a hearing on June 11 to prove up and enter the final divorce decree. Roberta served notice of the hearing to George at his Cleburne post office box via certified mail sent on June 4. An employee of the Pack 'n' Mail where the box was located signed the return receipt on June 7.

The hearing went forward as scheduled on June 11. George did not attend. Roberta presented testimony that, among other things, George had left the marital home and taken up

2

residence with another woman, that he earned $300,000 annually and she only $14,000, and that she had health problems. Following this testimony and the presentation of evidence that included George's waiver of service, a certificate of service and certified mail return receipt showing that notice of the hearing had been sent to George and received by someone at his address, and information concerning the parties' assets, the district court signed a final divorce decree dissolving the marriage on the ground of adultery and dividing the property, awarding a net of $96,137.82 in assets to Roberta and a net of $110,310.00 in assets to George. In addition, the district court found that Roberta was eligible for maintenance under chapter 8 of the family code, *see* Tex. Fam. Code Ann. §§ 8.051-.305 (West 2006), and ordered George to pay Roberta maintenance of $2,900 per month, "until a total of $104,400 has been paid (July 1, 2013)" or either party dies.[2]

On July 9, 2010—within the thirty-day period for filing post-judgment motions, *see* Tex. R. Civ. P. 329b(a), (g)—George filed a "Motion to Set Judgment Aside and for New Trial." In this motion, George stated that he "has a meritorious defense," that he "received correspondence stating that the matter would be dismissed and believed that it was dismissed," that he "did not knowingly or intentionally waive his right to a hearing, but relied on the Petitioner's representations," that "[a]s soon as Respondent became aware of the final judgment, he filed this his Motion for New Trial," and that "[o]n or about July 7, Respondent received and signed for a

_____

[2] George decries what he characterizes as a 97-to-3 percent division of the marital assets in favor of Roberta, but he apparently derives these percentages by adding to Roberta's share and subtracting from his the total amount of maintenance he would eventually pay if both parties lived through July 2013, $104,400.

3

Notice of Setting sent by certified mail to his Pack and Mail box." George did not further elaborate on the factual basis for his motion, nor did he verify his assertions or attach evidence.

Subsequently, on July 23—the forty-second day after the divorce decree was signed—George filed a "Motion to Supplement Motion to Set Judgment Aside and for New Trial" that did not add further factual allegations, but attached an affidavit he had prepared. In his affidavit, George averred that he had signed his waiver of service "based on the representations of [Roberta]," that he had "believed that [Roberta] was not going to pursue the matter," and that "the last information I [had] received was a notice from the Court that the case was going to be dismissed." However, he acknowledged that the Pack 'n' Mail employees had received the notice of hearing on June 7, but urged that the employees "did not give me notice that I had received a certified letter until about July 7, 2010."

Thereafter, on August 9, George filed a "First Amended Motion to Set Judgment Aside and for New Trial." This motion was nearly identical to the original except that it attached a copy of the June 4 hearing notice, George's affidavit, and an affidavit from a Pack 'n' Mail employee indicating that the business had received and held the certified letter for George "so he could sign for it," that the staff had not "notified" him of the letter until July 7, but that George also "did not see his name posted on our board as having mail that required a signature." The amended motion also included a new factual allegation that "[t]he final decree rendered on or about June 11, 2010 was not as agreed by the parties," although George did not verify or otherwise support the allegation with evidence.

4

George's motion was overruled by operation of law on August 25, 2010. *See* Tex. R. Civ. P. 329b(c).[3]  He appeals, contending in a single issue that the district court abused its discretion in overruling his motion without a hearing because "evidence attached to the motion for new trial unequivocally establishes" each factor required to obtain a new trial under *Craddock*, 133 S.W.2d at 126.

In general, trial courts have broad discretion in ruling on motions for new trial. *Limestone Constr., Inc. v. Summit Commercial Indus. Props., Inc.*, 143 S.W.3d 538, 542 (Tex. App.—Austin 2004, no pet.).  We review a trial court's denial of a motion for new trial for an abuse of that discretion. *Cliff v. Huggins*, 724 S.W.2d 778, 778-79 (Tex. 1987); *Limestone Constr., Inc.*, 143 S.W.3d at 542.  A trial court abuses its discretion if it acts without reference to guiding legal principles, *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004), or if it incorrectly analyzes or applies the law, *In re DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004).

Under *Craddock* and its progeny, a trial court abuses its discretion in refusing to set aside a default judgment (including a post-answer default)[4] and grant a new trial where (1) the failure of the defendant to appear at trial was not intentional or the result of conscious indifference, but due to a mistake or an accident; (2) the motion for a new trial sets up a meritorious defense; and (3) granting the motion for new trial will occasion no undue delay or otherwise injure the

---

[3]  George states in his brief that the district court denied his motion by email on August 18, 2010, but the record contains neither this email nor any signed order.  In any event, it is undisputed that George's motion was overruled.

[4]  Emphasizing the language in George's waiver of service, Roberta suggests that the judgment was technically not a default judgment but a judgment *nihil dicit*, but ultimately agrees that the *Craddock* standard governs in either case.  *See Evans v. Woodward*, 669 S.W.2d 154, 155 (Tex. App.—Dallas 1984, no writ).

party taking the default judgment. *Cliff*, 724 S.W.2d at 779; *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966); *see Craddock*, 133 S.W.2d at 126. Furthermore, a defendant who has appeared is entitled to notice of a trial setting as a matter of due process. *See LBL Oil Co. v. International Power Servs., Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989). A party who has been denied due process through lack of notice of a trial setting satisfies the first *Craddock* factor (as one cannot be consciously indifferent to a trial of which one is unaware), and, in such instances, the supreme court has also dispensed with the second (meritorious defense) factor for constitutional reasons. *Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005); *Smith v. Holmes*, 53 S.W.3d 815, 817 (Tex. App.—Austin 2001, no pet.). Further, this Court has held that a defendant who can establish lack of notice of a trial setting also need not establish the third *Craddock* factor, lack of prejudice to the plaintiff. *Smith*, 53 S.W.3d at 818; *accord In re Marriage of Lisa Ann Runberg*, 159 S.W.3d 194, 200 (Tex. App.—Amarillo 2005, no pet.); *In re Marriage of Brenda May Parker*, 20 S.W.3d 812, 817-18 (Tex. App.—Texarkana 2000, no pet.). George's arguments on appeal focus on this first element, whether he received notice of the hearing preceding entry of the divorce decree.

Roberta presented evidence—in the form of a certificate of service and certified mail return receipt—reflecting that she properly addressed and mailed George notice of the hearing. When notice of a hearing properly addressed and postage prepaid is mailed, rule of civil procedure 21a sets up a presumption that the notice was duly received by the addressee. *Cliff*, 724 S.W.2d at 780; *see* Tex. R. Civ. P. 21a. This presumption may be rebutted by an offer of proof of nonreceipt. *Cliff*, 724 S.W.2d at 780. Therefore, in order to rebut the presumption and satisfy the first element of *Craddock*, George had the burden of presenting in his motion facts (1) that, if taken as true,

6

would be legally sufficient to establish lack of notice, and (2) that are supported by affidavits or other competent evidence. *See id.* at 780 (presumption vanishes when evidence of nonreceipt is introduced); *Limestone Constr., Inc.*, 143 S.W.3d at 545 (same). Among other arguments, Roberta disputes that George asserted facts legally sufficient to establish a lack of notice in either his original motion, supplement, or amended motion. Further, emphasizing that George's original motion was entirely lacking in evidentiary support, Roberta urges that George's supplemental and amended motions were untimely and that the district court would not have abused its discretion in wholly ignoring those subsequent filings and allowing the motion to be overruled by operation of law. The latter contention is dispositive. *See* Tex. R. App. P. 47.1.

Because the final decree was signed on June 11, 2010, George had until July 11, 2010, to timely file his motion to set aside the judgment and for new trial. *See* Tex. R. Civ. P. 329b(a) ("motion for new trial, if any, shall be filed within thirty days after the judgment . . . is signed"), (g) (same timetable applies for motions to modify judgment). George's original motion, filed on July 9, 2010, was therefore timely. However, even assuming the allegations contained in this original motion would be legally sufficient to establish lack of notice, the absence of supporting evidence is fatal. *See Wiseman v. Levinthal*, 821 S.W.2d 439, 442 (Tex. App.—Houston [1st Dist.] 1991, no writ) (citing *Ivy*, 407 S.W.2d at 214) (motion for new trial to set aside a default judgment must be supported by affidavits or other competent evidence). Without supporting evidence, George has not overcome the presumption that he received notice of the hearing. *See Smith v. Mike Carlson Motor Co.*, 918 S.W.2d 669, 672 (Tex. App.—Fort Worth 1996, no writ) (presumption of service

7

not rebutted where defendant challenged service with unsupported motion and no facts in record showed lack of notice).

Nor can George rely on the affidavits submitted with his supplemental and amended motions to cure the defect in his original motion. George did not file his supplemental motion until July 23, twelve days after the thirty-day deadline. *See* Tex. R. Civ. P. 329b(a), (b), (g). Because the supplement was untimely, the district court would not have abused its discretion in ignoring it. *See Wirtz v. Massachusetts Mut. Life Ins. Co.*, 898 S.W.2d 414, 420 n.2 (Tex. App.—Amarillo 1995, no writ) (supplemental new trial motion filed more than 30 days after judgment is a nullity); *Reviea v. Marine Drilling Co.*, 800 S.W.2d 252, 258 (Tex. App.—Corpus Christi 1990, writ denied) (applying 329b(b) to bar supplemental motion for new trial filed more than 30 days after judgment signed); *Voth v. Felderhoff*, 768 S.W.2d 403, 412 (Tex. App.—Fort Worth 1989, writ denied) (holding that Rule 329b(b) applied to supplemental motions); *Equinox Enters., Inc. v. Associated Media Inc.*, 730 S.W.2d 872, 875 (Tex. App.—Dallas 1987, no writ) (holding that Rule 329b(b) applied to supplemental motions such that supplemental affidavits and exhibits could not be considered by trial court); *see also In re Brookshire Grocery Co.*, 250 S.W.3d 66, 71 n.8 (Tex. 2008) (party has right to revise motion before court rules and within thirty days of judgment). The same is true of George's amended motion, filed on August 9. *See* Tex. R. Civ. P. 329b(b); *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003) ("amended motion for new trial filed more than thirty days after the trial court signs a final judgment is untimely"). In sum, we agree with Roberta that only George's initial motion was timely, and the court did not have to consider the contents of the untimely motions. *See Kalteyer v. Sneed*, 837 S.W.2d 848, 851 (Tex. App.—Austin 1992, no writ)

8

(if trial court ignores tardy motion, motion is ineffectual for any purpose, although trial court may look to motion to decide whether to exercise plenary power).

Because Roberta raised the presumption of notice under rule 21a and because no competent evidence supports George's assertion that he did not receive the notice of hearing in advance of the hearing, George did not meet his burden regarding the first *Craddock* element. The district court, therefore, would not have abused its discretion in allowing George's motion to be overruled by operation of law.

We overrule George's issue and affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed:  July 13, 2011